**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JANE DOE,

Plaintiff,

v.

Case Number: 3:24-cv-00489-BJD-MCR

ROBERT A. HARDWICK, in his official capacity as SHERIFF OF ST. JOHNS COUNTY; MATTHEW CLINE, in his individual capacity; JOSHUA WOOLSEY; WOOLSEY LAW PLLC, with a fictitious name of WOOLSEY MORCOM PLLC; CASEY WOOLSEY; WILLIAM LEE OWEN, III; and STOP DOMESTIC VIOLENCE FLORIDA, a Political Committee.

Defendants.
_______________________________/

**DEFENDANT WOOLSEY LAW PLLC'S**
**MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(B)(6)**

Defendant, Woolsey Law PLLC ("Woolsey Law"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss on the grounds the Complaint fails to state a claim against Woolsey Law upon which relief can be granted.

## I. Introduction

Having unsuccessfully sought an unconstitutional prior restraint of speech in the state court, the Plaintiff[1] vents her frustration with a Complaint steeped in hyperbole but lacking any plausible claim for relief against Woolsey Law (or likely any other named defendant). Of her 20 counts, the Plaintiff directs only the claim for intentional infliction of emotional distress (Count VI) to Woolsey Law. However, the Plaintiff does not (and cannot) allege any wrongful conduct, let alone the requisite outrageous conduct required by Florida law to support such a claim and avoid a dismissal with prejudice.

Even if the Plaintiff alleged conduct that was reckless or that Woolsey Law knew would result in emotional distress, the Plaintiff's action cannot stand as Woolsey Law's actions were taken to enforce a legal right[2] and are therefore privileged as a matter of law. As a result, the Complaint must be dismissed with prejudice.

---

[1] The Plaintiff brings this action anonymously. Given the nature of the allegations and that the plaintiff's identity is far from confidential and readily identifiable, Woolsey Law is certain the plaintiff will not be permitted to continue in violation of Rule 10(a). However, in deference to the Court's, Woolsey Law does not identify the plaintiff by name in this motion. *See, Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) (setting forth factors for district courts to weigh when deciding a motion to proceed under a pseudonym).

[2] The fundamental constitutional right to free speech.

## II. The Complaint

Wading through the Plaintiff's shotgun pleading, the Plaintiff alleges the following "facts" concerning conduct taken by or attributable to Woolsey Law:[3]

1. Woolsey Law, under the fictitious name Woolsey Morcom, PLLC, is a law practice run by the co-defendants, Joshua Woolsey and Casey Woolsey, who are attorneys. *Complaint,* ¶¶ *33-34.*

2. In response to a public records request, the St. Johns County Sheriff's Office provided Joshua Woolsey an investigatory report concerning the Plaintiff's prior sexual battery allegation. *Complaint,* ¶¶ *41, 47, 69-70, 81.*

3. Thereafter, the Plaintiff sued the St. Johns County Sheriff's Office (but not Woolsey Law) in Florida state court and secured a temporary injunction which, *inter alia*, forbade Woolsey Law and its employed attorneys from "releasing, disseminating, acknowledging, or in any way referencing" the investigatory report which the St. Johns County Sheriff's Office had previously produced. *Complaint,* ¶¶ *72, 81-82.* The injunction further forbade Woolsey Law from publicly referencing the litigation giving rise to the injunction. *Complaint,* ¶¶ *85.*

[3] With certain exceptions necessary to provide context, this listing is confined to the allegations cross-referenced in paragraph 144 of the Complaint as being the specific conduct attributable to Woolsey Law and giving rise to the claim for intentional infliction of emotional distress.

4. Woolsey Law filed a motion to intervene in the state court action, asserting that the temporary injunction constituted an unconstitutional prior restraint on speech. *Complaint,* ¶¶ *86-88.*

5. Following the filing of Woolsey Law's motion to intervene, the state court modified the temporary injunction to remove any specific reference to Woolsey Law. *Complaint,* ¶ *94.*

6. Woolsey Law subsequently filed in the state court proceedings a motion to tax attorneys' fees and costs as damages incurred for the wrongful injunction secured by the Plaintiff. *Complaint,* ¶ *98.*

7. Upon these minimal facts, the Plaintiff provides the conclusion that Woolsey Law's conduct was "outrageous . . . beyond all bounds of decency and is and ought to be regarded as odious and utterly intolerable in a civilized community." *Complaint,* ¶ *145.*

Thus, in summary, the Plaintiff merely alleges that after Woolsey Law successfully fought an improper injunction, it pursued its legal right to recover damages incurred from the unlawful prior restraint on free speech. As discussed below, this conduct is indisputably privileged and does not rise to the level of outrageous conduct necessary to maintain a claim for intentional infliction of emotional distress.

## III. Legal Argument

### A. Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, while Rule 8(a)'s minimal pleading requirements may not require "detailed factual allegations," *Twombly*, 550 U.S. at 550, they still demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Summarizing *Twombly*, the Supreme Court explained: "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* Accordingly, while courts considering a motion to dismiss must accept all factual allegations as true, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

### B. Failure to State Claim for Intentional Infliction of Emotional Distress

#### i. Plaintiff has failed to demonstrate that any conduct by Woolsey Law was outrageous.

Under Florida law, in order to support a claim for intentional infliction of emotional distress ("IIED"), a plaintiff must plausibly allege "(1) deliberate or reckless infliction of mental suffering, (2) outrageous conduct that (3) caused the emotional distress, and (4) that the distress was severe." *Short v. Immokalee Water & Sewer District*, 165 F.Supp.3d 1129, 1152 (M.D. Fla. 2016) (citing *Tillman v. Orange County*, 519 Fed. Appx. 632, 636 (11th Cir.2013)).

Importantly, for conduct to be sufficiently outrageous, it must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (citing *Lopez v. Target Corp*., 676 F.3d 1230, 1236 (11th Cir.2012)); *See also Metropolitan Life Ins. Co. v. McCarson,* 467 S.2d 277 (Fla.1985). Whether the alleged outrageous conduct satisfies this high standard is a question for the court to decide as a matter of law, and the sufficiency of these allegations is properly before the Court on a motion to dismiss.

Courts in this district have frequently determined that allegations of "outrageous" conduct in claims for IIED failed to satisfy these heightened pleading requirements, warranting dismissal. In *Short v. Immokalee Water & Sewer District*, the plaintiff alleged a claim for IIED based on the defendant's purported outrageous conduct which included discriminatorily applied pay policy, unfounded discriminatory actions, limitations of the plaintiff's job duties, as well as accusations that the plaintiff watched pornography on his work computer and was required to seek treatment for same. *Short v. Immokalee Water & Sewer District*, 165 F.Supp.3d at 1152. The court, in dismissing the IIED claim, stated that while this conduct may be offensive, it did not rise to the level of "extreme and outrageous" which is required to support an IIED claim under Florida law. *Id.*

Courts in this district have rejected similar allegations of "outrageous" conduct as failing to rise to the heightened level required to support a claim for IIED, even where the conduct appears offensive. For example, in *Freese v. Wuesthoff Health Sys., Inc*., No. 6:06-cv-175-Orl-31JGG at *10 (M.D. Fla. May 19, 2006), the court dismissed an IIED claim despite the following alleged conduct: harassment, discrimination, misconduct, and hostile work environment, threats of job loss, reprimands, isolation, and unreasonable assignment, based on the plaintiff's age and gender. The court found that this alleged conduct did "not even approach the required threshold of conduct that is outrageous, extreme, atrocious and utterly intolerable." *Id.; See also*, *DeBose v. United States*, No. 8:21-cv-2127-SDM-AAS at *5 (M.D. Fla. Sept. 12, 2022) (no claim for intentional infliction of emotional distress where the plaintiff "identifies no 'outrageous conduct' and describes acrimonious but ordinary litigation and an ordinary employment dispute"); *Tucci v. Smoothie King Franchises, Inc*., 215 F. Supp. 2d 1295, 1303 (M.D. Fla. 2002) (dismissing IIED claim for failure to demonstrate outrageous conduct where plaintiff alleged that defendant intentionally attempted to enforce a forged agreement, causing the plaintiff mental suffering); *Brooks v. Brooks Consultants, Inc*., Case No: 6:22-cv-669-WWB-LHP at *9 (M.D. Fla 2022) (dismissing claim for IIED where the plaintiff's conclusory allegations did not demonstrate

sufficiently "outrageous" conduct on the part of the defendants to state a claim for IIED).

The Florida Supreme Court has described the conduct necessary to state a claim for intentional infliction of emotional distress, stating:

> "The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'"

*Scheller v. American Medical Int'l,* 502 So. 2d 1268, (Fla. 2d DCA 1987) (citing *Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 279 (Fla. 1985)). In explaining the level of outrageousness needed to maintain a claim, the *Scheller* court stated:

> The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where someone's feelings are hurt.

*Id.*

Here, the Plaintiff's allegations come nowhere close to demonstrating outrageous, let alone wrongful, conduct on the part of Woolsey Law. The first mention of any action on the part of Woolsey Law in the Complaint occurred when the *Plaintiff* sued the St. Johns County Sheriff's Office in Florida state court in order to obtain a temporary injunction, which, *inter alia*, forbade Woolsey Law and its employed attorneys (all non-parties) from "releasing, disseminating, acknowledging, or in any way referencing" the investigatory report which the St. Johns County Sheriff's Office had previously produced. *Complaint, ¶¶ 72, 81-82.* The injunction also forbade Woolsey Law from publicly referencing the litigation giving rise to the injunction. *Complaint, ¶¶ 85.*

In response to the overbroad, and incorrect, injunction, Woolsey Law filed a motion to intervene in the state court action – which it was legally entitled to do – asserting that the temporary injunction constituted an unconstitutional prior restraint on speech.[4] *Complaint, ¶¶ 86-88.* As a result of Woolsey Law's motion to intervene, the state court modified the temporary injunction to remove any specific reference to Woolsey Law. *Complaint, ¶ 94.*

[4] *See Concerned Citizens for Judicial Fairness, Inc. v. Yacucci,* 162 So. 3d 68 (Fla. 4th DCA 2014) (dissolving temporary injunction directed to speech in the final weeks of campaign for county judge as an invalid prior restraint).

In other words, as alleged in the Complaint, the state court agreed with Woolsey Law's arguments. *Complaint, ¶ 94.*

Following the state court's modification of the injunction, Woolsey Law then filed in the state court proceedings a motion to tax attorneys' fees and costs as damages incurred for the wrongful injunction secured by the plaintiff, which is permitted under Florida law.[5] *Complaint, ¶ 98.*

This is the trivial extent of the factual allegations directed toward Woolsey Law which Plaintiff relies on for the conclusory allegation that such conduct by Woolsey Law was outrageous and "beyond all possible bounds of decency and is and ought to be regarded as odious and utterly intolerable in a civilized community." *Complaint*, ¶ *145.* In other words, Plaintiff claims Woolsey Law's successful intervention and removal of an incorrectly issued injunction was conduct that should not be tolerated in a civilized community.

Based on the authority of *Short* and *Freese*, Plaintiff's allegations toward Woolsey Law fail to meet the heightened standard required to successful plead a claim for IIED in this circuit and district. Plaintiff has not demonstrated that any conduct by Woolsey Law was 'beyond all possible bounds of decency." Further, Plaintiff's conclusory allegations do not demonstrate sufficiently

[5] *See Shea v. Central Diagnostic Servs., Inc.*, 552 So. 2d 344, 346 (Fla. 5th DCA 1989) (finding that "[a]n aggrieved party is entitled to damages resulting from the wrongful issuance of an injunction."); *Calder Race Course, Inc. v. Gaitan*, 430 So. 2d 975, 976 (Fla. 3d DCA 1983) (holding that damages resulting from the wrongful issuance of an injunction include attorneys' fees).

"outrageous" conduct on the part of Woolsey law, nor do they even show any wrongful conduct, to properly state a claim for IIED and avoid a motion to dismiss. Similar to the district court's ruling in *DeBose*, the allegations of the Complaint show nothing more than ordinary litigation between Woolsey Law and the Plaintiff. Such allegations do not, and cannot, support a claim for IIED.

**ii. Even if Woolsey Law's conduct was reckless or certain to cause emotional distress (which it was not), the alleged conduct was privileged and cannot form the basis of a claim for intentional infliction of emotional distress.**

Under Florida law, a party is **never** liable for IIED where the party did nothing more than pursue its legal rights in a legally permissible way. *Southland Corp. v. Bartsch*, 522 So. 2d 1053, 1056 (Fla. 5th DCA 1988). As recognized by the Florida Supreme Court in *Metro Life Ins. Co. v. McCarson,* an actor cannot be liable as a matter of law where he has done no more than insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress. *Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 279 (Fla. 1985). In so holding, the *McCarson court* applied and adopted the comments to the *Restatement (Second) of Torts, § 46* (1965):

> g. The conduct, although it would otherwise be extreme and outrageous, may be privileged under the circumstances. The actor is never liable, for example, where he has done no more than to

> insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress.

*Id.; See also Horizons Rehab, Inc. v. Health Care & Ret. Corp.*, 810 So. 2d 958, 964 (Fla. 5th DCA 2002) (action for intentional infliction of emotional distress failed as a matter of law as any actions taken were within legal rights). Accordingly, as a matter of law, a party's actions in pursuing its legal rights in a legally permissible way are "privileged under the circumstances" and cannot form the basis for an IIED claim. This principle applies even if the party's actions were **reckless or known to cause emotional distress**. *Id.*

As discussed above, the Plaintiff's allegations show that Woolsey Law's conduct was privileged as a matter of law and cannot form the basis of a claim for intentional infliction of emotional distress. Woolsey Law filed a motion to intervene in the state court asserting that the temporary injunction constituted an unconstitutional prior restraint on speech, which resulted in the state court's modification of the temporary injunction to remove any specific reference to Woolsey Law. *Complaint,* ¶¶ *86-88, 94.* Woolsey Law then filed in the state court proceedings a motion to tax attorneys' fees and costs, pursuant to Florida law, as damages incurred for the wrongful injunction secured by the Plaintiff. *Complaint,* ¶ *98.* These actions were nothing more than Woolsey Law asserting its legal rights in a legally permissible way, which is further

supported by the state court judge's agreement with Woolsey Law's arguments and modification of the injunction. *Complaint,* ¶ *94.*

The Plaintiff has not alleged that Woolsey Law took any action other than those stated above, nor does Plaintiff allege that any of these actions were in any way illegal or wrongful. Woolsey Law's conduct was an assertion of its legal rights in a legally permissible way and therefore were "privileged under the circumstances" under *Metro. Life Ins. Co. v. McCarson*. As a result, no action for IIED can lie against Woolsey Law and dismissal with prejudice is warranted.

## IV. Conclusion

For the foregoing reasons, the Plaintiff has failed to state a cause of action for IIED against Woolsey Law, and the Court should dismiss the Complaint as to Woolsey Law with prejudice.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Woolsey Law certifies that he attempted to confer with counsel for the Plaintiff regarding the relief requested, but was unable to speak with counsel for the Plaintiff prior to filing this motion. As such, counsel for Woolsey Law will continue to try diligently to contact counsel for the Plaintiff over the next three (3) days and will supplement this certification as necessary.

Dated: June 30, 2024

Respectfully submitted,

/s/ Cameron S. Frye

        CAMERON S. FRYE (Lead Counsel)
Florida Bar Number 105142
Bart R. Valdes, Esq.
Florida Bar Number 323380
de Beaubien, Simmons, Knight, Mantzaris & Neal, LLP
609 West Horatio Street
Tampa, Florida 33606
Telephone: (813) 251-5825
Facsimile: (813) 254-1063
cfrye@dsklawgroup.com
bvaldes@dsklawgroup.com
candrade@dsklawgroup.com

and

M. SCOTT THOMAS
Florida Bar No.: 0994898
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
Telephone: (904) 232-7200
Facsimile: (904) 232-7201
Primary and Secondary E-mail Addresses:
msthomas@burr.com
jmlewis@burr.com

Attorneys for Defendant Woolsey Law PLLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of June, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send an electronic service copy to:

Marie A. Mattox, Esq.
Marie A. Mattox, P.A.

Bruce Trybus, Esq.
Cooney Trybus Law

203 North Gasden Street
Tallahassee, FL 32301
marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com

Cynthia Ann Myers, Esq.
Cynthia A. Myers, P.A.
P.O. Box 15011
Tallahassee, FL 32308
cindy@cindymyerslaw.com
shannon@mattoxlaw.com

*Attorneys for Plaintiff*

1600 West Commercial Boulevard, Suite 200
Fort Lauderdale, FL 33309
reception@cooenytrybus.com
yhall@cooneytrybus.com

*Attorney for Joshua Woolsey and Casey Woolsey*

Katherine E. McKinley, Esq.
Luks, Santaniello, Petrillo, Cohen & Peterfriend
201 S. Orange Avenue, Suite 400
Orlando, FL 32801
LUKSOrl-Pleadings@ls-law.com
kmckimley@insurancedefense.com
sgray@insurancedefense.com

James C. Rinaman, Esq.
Dutton Law Group, PA
1054 Kings Avenue
Jacksonville, FL 32207
service.JCR@duttonlawgroup.com

*Attorneys for WJ Lee Owen*

Kassandra S. Reardon, Esq.
Shutts & Bowen LLP
215 S. Monroe Street, Suite 804
Tallahassee, FL 32301
KReardon@shutts.com

*Attorney for Stop Domestic Violence Florida*

Gwendolyn P. Adkins, Esq.
Coppins Monroe, PA
2316 Killearn Center Blvd., Suite 202
Tallahassee, FL 32309
gadkins@coppinsmonroe.com
bmiller@coppinsmonroe.com
cmarchena@coppinsmonroe.com

*Attorney for Robert A. Hardwick, in his official capacity as Sheriff of St. Johns County, and Matthew Cline*

/s/ Cameron S. Frye
CAMERON S. FRYE (Lead Counsel)