# Exhibit 1

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JANE DOE,

      Plaintiff,

v.

ROBERT A. HARDWICK, in his
official capacity as SHERIFF OF ST.
JOHNS COUNTY; MATTHEW
CLINE, in his individual capacity;
JOSHUA WOOLSEY; WOOLSEY
LAW PLLC, with a fictitious name of
WOOLSEY MORCOM PLLC; CASEY
WOOLSEY; WILLIAM LEE OWEN,
III; and STOP DOMESTIC
VIOLENCE FLORIDA, a Political
Committee.

      Defendants.

_____/

Case Number: 3:24-cv-00489-
BJD-MCR

## <u>DECLARATION OF JOSHUA WOOLSEY</u>

I, Joshua Woolsey, pursuant to 28 U.S.C. § 1746, declare under penalty
of perjury as follows:

1.      I am over the age of 18 years, and I have personal knowledge of
the facts set forth below; and, if called upon to do so, I could and would
competently testify thereto.

2.      I am an attorney licensed to practice law in the State of Florida.  I
am a member and manager of Woolsey Law, PLLC, a Florida professional

limited liability company which provides legal services under the name Woolsey Morcom, Attorneys at Law.

3.    I am married to the Honorable Casey L. Woolsey who was elected in August 2022 to serve as a St. Johns County Court Judge, beginning January 2023. Prior to being sworn in, Judge Woolsey was actively engaged in the practice of law at Woolsey Law, PLLC.

4.    Judge Woolsey's sole opponent in the 2022 judicial election was the plaintiff, ▮▮▮▮▮▮▮▮▮▮▮▮▮.

5.    While I did not serve in any formal capacity, I was, of course, very supportive of Judge Woolsey's campaign.

6.    Prior to April 13, 2022, I was advised that a supporter of ▮▮▮ ▮▮▮▮▮▮▮▮▮▮ had submitted a public records request to the St. Johns County Sheriff's Office (SJSO) seeking records relating to then-candidate Casey Woolsey.

7.    Thereafter, on April 13, 2022, I submitted the following public records request to the St. Johns County Sheriff's Office (SJSO) through its online public records portal:

> Please provide any records relating to ▮▮▮▮▮▮▮▮
> ▮▮▮▮▮▮▮. The following should be searched:
> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Please also search
> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. This request should
> include any all records, including, but not limited to

2

> police reports, incident reports, complaints, or emails
> to or from her or where her name is referenced,

A true and correct copy of my public records request is attached hereto as Exhibit "A".

8.    In late May 2022, Matthew Cline, General Counsel for the SJSO, called me and relayed that SJSO had identified numerous documents responsive to my public records request.  However, the SJSO wanted me to review, in person, a police report which the SJSO had determined to be responsive to my public records request.

9.    Prior to the call from Mr. Cline, I had no contact with anyone employed by or affiliated with SJSO concerning my public records request since submitting same.  I played no role in identifying materials responsive to my request or determining whether such materials were properly subject to production under Florida's public records law.

10.    In response to Mr. Cline's call, I met with him at the SJSO on June 9, 2022 and was permitted to read a police report with Agency Case Number SJSO18OFF004287 ("PR 4287) which documented the SJSO's investigation of Ms. ████████████ complaint of an alleged sexual battery reported on April 23, 2018.

11.    At the June 9, 2022 meeting with Mr. Cline, he explained to me that the SJSO had determined that Ms. ████████████ complaint was

3

"unfounded" and for that reason the SJSO had determined that PR 4287 was subject to production in response to my public records request.

12.     Mr. Cline did not provide me a copy of PR 4287 at the June 9, 2022 meeting.  Instead, Mr. Cline explained that, as a professional courtesy to Ms. ███████████, he preferred to first advise her of the planned production of the report.

13.     On June 15, 2022, the SJSO forwarded me via email a copy of correspondence it received from Ms. ███████████ counsel objecting to the production of PR 4287 under Article I, Section 16 of the Florida Constitution on the grounds that Ms. ███████████ was a "victim" as defined therein.  A true and correct copy of the SJSO's June 15, 2022 email with Ms. ███████████ counsel's objection is attached hereto as Exhibit "B".

14.     From my own review of PR 4287 and having been informed that the SJSO had concluded that Ms. ███████████ sexual assault complaint was unfounded, I disagreed with Ms. ███████████ counsel's objection and wrote to the SJSO on June 16, 2022 to share my opinion and request that a copy of PR 4287 be produced without further delay.  A true and correct copy of my June 16, 2022 email is attached hereto as Exhibit "C".

15.     On June 17, 2022, the SJSO forwarded me another email, dated June 16, 2022, from Ms. ███████████ counsel continuing to object to the

4

production of PR 4287.  Again, I shared my disagreement in a responsive email to the SJSO on June 17, 2022.  A true and correct copy of this email exchange is attached hereto as Exhibit "D".

16.     On June 17, 2022, the SJSO released to me a redacted copy of PR 4287.  A true and correct copy of the PR 4287, as redacted, is attached hereto as Exhibit "E".

17.     In review of the above-captioned lawsuit and in the preparation of this Declaration, I have again reviewed the materials relating to the production of PR 4287 as well as the report itself.  It remains my belief, as relayed in my June 16, 2022 email to the SJSO, that it was (and is) reasonable to conclude that Ms. ███████████ was not the victim of a sexual assault as she alleged and the SJSO properly classified her complaint as "unfounded".

18.     It was and remains my belief that, having received PR 4287 in response to a public records request, I had an absolute first amendment right to publish same.  However, with respect to the 2022 judicial election, attached hereto as Exhibit "F" is a copy of a June 24, 2022 email issued by then-candidate Woolsey to her campaign concerning PR 4287.

5

19. The instant lawsuit is not the first time Ms. ███████████ has sought retribution for my public records request.  On June 17, 2022, Ms. ███████████ filed complaints against Judge Woolsey and me with the Florida Bar.  The Florida Bar summarily dismissed those complaints three business days later on June 22, 2022.

20. Similarly, Ms. ██████████, or someone acting on her behalf, filed a complaint against Judge Woolsey with the Florida Judicial Qualifications Commission (JQC) which included allegations against Judge Casey mirroring those set forth in this action.  The JQC Investigative Panel did not find probable cause to conclude that the allegations relating to PR 4287 constituted an alleged breach of Judicial Canons.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on July __**3**__, 2024.

_____
JOSHUA WOOLSEY

54698765 v1

# Exhibit 1-A



**ST. JOHNS COUNTY**
# SHERIFF'S OFFICE
**ROBERT A. HARDWICK, SHERIFF**

# Records Request Center

MENU

## Main Menu

## Custodian of Records

## FAQs

See All FAQs 🔍

What types of records can I request?

How can I request a Public Record?

How do I obtain a copy of a traffic crash report?

| View File(s) | View Message(s) |
| --- | --- |

Request / Incident Summary

| | |
| --- | --- |
| **Request Type:** | Public Records Request |
| **Primary Requester E-Mail:** | josh@woolseymorcom.com |
| **Reference No:** | R007203-041322 |
| **Status:** | Full Release |


DOWNLOAD ALL

UPLOAD DATE

| Files: | | |
| --- | --- | --- |
| | 06/17/2022 | 1554-RMB_Redacted.pdf |
| | 06/17/2022 | SJSO11CAD050104_Redacted.pdf |
| | 06/17/2022 | SJSO13CAD034496.pdf |
| | 06/17/2022 | SJSO15CAD160937_Redacted.pdf |
| | 06/17/2022 | SJSO17CAD023541.pdf |
| | 06/17/2022 | SJSO17CAD065016.pdf |
| | 06/17/2022 | SJSO20CAD162422.pdf |
| | 06/17/2022 | SJSO21CAD243086.pdf |
| | 06/17/2022 | Warnings_Redacted.pdf |
| | 06/13/2022 | image004.jpg |
| | 06/13/2022 | image003.jpg |

Powered by

GovQA

| 05/11/2022 | ~WRD0003.jpg |
| 05/09/2022 | image001.jpg |

Additional Information

**Requester Type:**
Public/Citizen

**Type of Record(s) Requested (select all that apply):**
Incident Reports
Arrests
Traffic Crash Reports
Citations (Traffic/Parking/County)
Calls for service
Personnel Files
Internal Affairs Report
Other Requests

**Personnel Details**

**Full Name:**
████████            **ID#:**                    **Status:**
                                                 Not known

**Incident Details**

**Incident Number:**        **Date of Incident:**        **Time of Incident:**

**Location:**                                 **Date Range:**
*Please be as specific as possible by*        *If a date range applies to your request you can specify*
*providing an exact address or*               *here.*
*intersection, etc...*

**Involved Party Details**

**Last Name:**              **First Name:**              **DOB:**              **Add:**
Camper-Shorstein          Alyssa                                              No

**Describe the Request:**
Please provide any records relating to ███████████████. The following should be
searched: ███████████████████████████████████
Please also search ██████████████████ This request should include any all records,
including, but not limited to police reports, incident reports, complaints, or emails to or from
her or where her name is referenced.

**As a default, all records are provided to the requestor electronically through the**
**online Public Records Center. If you would like to receive your records in an**



Electronic via Records Center
*Fees may apply for certain delivery methods.*

| New Message | Cancel |
| --- | --- |

## Messages 11

🖶 Print Messages (PDF)

ⅴ ✉ On 6/20/2022 10:51:53 AM, St. Johns County Sheriff Records Department wrote:

**Subject:** [Records Center] Public Records Request :: R007203-041322
**Body:** Dear Joshua A Woolsey,

Thank you for registering with the St. Johns Sheriff's Office Records Department. Please log in to the Records Center to update any contact or password information and to track the progress of your request.

**Login:** josh@woolseymorcom.com

If you have never used this system, your account has been created by a St. Johns Sheriff's Office Records Department Staff. You may request a temporary password to track the status of your request, manage account information, and retrieve responsive records here: **Request Temporary Password**

*St. Johns County Sheriff's Office Records Department*

⟩ ✉ On 6/17/2022 3:50:44 PM, St. Johns County Sheriff Records Department wrote:

⟩ ✉ On 6/14/2022 9:48:35 AM, St. Johns County Sheriff Records Department wrote:

⟩ ↩ On 6/13/2022 5:02:43 PM, Sara Klare wrote:

⟩ ✉ On 6/13/2022 4:34:36 PM, St. Johns County Sheriff Records Department wrote:

⟩ ↩ On 5/11/2022 12:39:07 PM, Joshua A Woolsey wrote:

⟩ ✉ On 5/9/2022 1:06:17 PM, St. Johns County Sheriff Records Department wrote:

⟩ ↩ On 5/9/2022 12:42:34 PM, Joshua A Woolsey wrote:

⟩ ✉ On 5/9/2022 8:34:47 AM, St. Johns County Sheriff Records Department wrote:

⟩ ✉ On 4/13/2022 11:56:01 AM, St. Johns County Sheriff Records Department wrote:

⟩ ✉ On 4/13/2022 11:56:00 AM, Joshua A Woolsey wrote:



# Exhibit 1-B

**Thomas, Scott**

| | |
|---|---|
| **From:** | Becky Ausili <bausili@sjso.org> |
| **Sent:** | Wednesday, June 15, 2022 4:09 PM |
| **To:** | Josh Woolsey |
| **Subject:** | [External] SJSO/Public Records Request |
| **Attachments:** | 20220615160246382.pdf |

Good afternoon Sir:

Please see the attached information Mr. Cline received today from Attorney Dan Mowrey.



**Rebecca Ausili**
Paralegal | Office of the Sheriff

**ST. JOHNS COUNTY SHERIFF'S OFFICE** | *Robert A. Hardwick, Sheriff*
4015 Lewis Speedway, St. Augustine, Florida. 32084
Office 904.810.6604 | Cell 904.495.8171



2801 North Third Street, St. Augustine, FL 32084   |   **Ph:** 904-824-7799  **F:** 904-824-5709

**mowreylaw.com**

## RIGHTS OF CRIME VICTIMS "MARSY'S LAW"
## CONFIDENTIAL INFORMATION OPT IN FORM

Article I, Section 16, of the Florida Constitution preserves and protects the rights of crime victims to ensure that their rights and interests are respected and protected by law in a manner no less vigorous than protections afforded to criminal defendants and juvenile delinquents. Art. I, §16(b). A "victim" is a person who suffers direct or threatened physical, psychological, or financial harm as a result of the commission or attempted commission of a crime or delinquent act or against whom the crime or delinquent act is committed. Art. I, §16(e).

Every victim, beginning at the time of his or her victimization, has the right to be treated with fairness and respect for the victim's dignity, the right to be free from intimidation, harassment, and abuse, the right to prevent the disclosure of information or records that could be used to locate or harass the victim, and the right to prevent disclosure of information or records which could disclose confidential or privileged information of the victim. Art. I, §16(b).

Florida Statutes provide additional rights for victims of sexual crimes. Pursuant to Florida Statute §119.071(b)1.b., victims of sexual crimes have the right to have any criminal intelligence information or criminal investigative information that may reveal their identity kept confidential and exempt from public records. Criminal investigative information and criminal intelligence information made confidential and exempt under §119.071(h) may only be disclosed by a law enforcement agency in furtherance of its official duties and responsibilities, if the law enforcement agency determines that such information would assist in locating or identifying a missing or endangered person, or to another governmental agency in the furtherance of its official duties and responsibilities. Fla. Stat. §119.017(h)2.

As a matter of right, the victim or the retained attorney of the victim may assert and seek enforcement of these rights and any other right afforded to the victim by law before any authority with jurisdiction over the case. Art. I, §16(c).

The victim ███████████████ invokes the right to prevent disclosure of all records and information pertaining to St. Johns County Sheriff's Office Agency Case Number SJSO18OFF004287.

**Daniel A. Mowrey, Esq.** • **Joshua R. Saxon, Esq.*** • **Ronald A. Mowrey, Esq.** • **Rebecca Emert, Esq.**

*Licensed to Practice in Florida and Georgia

I hereby assert that I am the retained attorney of the victim seeking enforcement of the rights enumerated in this form, the Florida Constitution, and Florida Statutes.

Dated this ___15th___ day of June, 2022.

MOWREY LAW FIRM, PLLC

DANIEL A. MOWREY, ESQ.
FL Bar No. 541001
dan@mowreylaw.com
JOSHUA R. SAXON, ESQ.
FL Bar No. 112166
josh@mowreylaw.com
REBECCA S. EMERT, ESQ
FL Bar No. 92082
rebecca@mowreylaw.com
service@mowreylaw.com
2801 N. Third Street
St. Augustine, FL 32084
Tel.: (904) 824-7799
Fax: (904) 824-5709

# Exhibit 1-C

| | |
|---|---|
| **From:** | Josh Woolsey <josh@woolseymorcom.com> |
| **Sent:** | Thursday, June 16, 2022 8:09 AM |
| **To:** | Becky Ausili; Matthew Cline |
| **Cc:** | Josh Woolsey |
| **Subject:** | RE: SJSO/Public Records Request |

Mr. Cline –

Thank you for sharing Mr. Mowrey's response on behalf of his client ▮▮▮▮▮▮▮▮ regarding the public records request seeking copies of police reports relating to ▮▮▮▮▮▮▮▮.

As you know, a citizen's access to public records is a fundamental constitutional right in Florida. *See Rhea v. Dist. Bd. of Trs. of Santa Fe Coll.*, 109 So. 3d 851, 855 (Fla. 1st DCA 2013). Florida's Constitution in Article I, Section 24 articulates the right to public records, except with respect to records exempted pursuant to Section 24 or specifically made confidential by the Constitution. I am aware of no exemption or confidential provision which would apply to this report. Mr. Mowrey relies on Marsy's Law, Article I, Section 16 and Florida Statute 119.071, but fails to articulate or even address how ▮▮▮▮▮▮▮▮ fits the definition of a "crime victim". He entirely ignores the content of the report itself.

Marsy's Law protects the rights of crime victims to be free from intimidation, harassment, and abuse and to confidential treatment of records that could be used to locate or harass them. *See* Art. I, § 16(b). As used in this section, a "victim" is a person who suffers direct or threatened physical, psychological, or financial harm as a result of the commission or attempted commission of a crime or delinquent act or against whom the crime or delinquent act is committed. *See* Art. I, Section 16(e).

From my reading of the police report, there could be no good faith argument that ▮▮▮▮▮▮▮▮ was the "victim" of a crime, including a sexual crime. After flirting with, dancing with, holding hands with, sexually groping and having consensual sex with ▮▮▮▮▮ in the backseat of his truck, ▮▮▮▮▮▮▮▮ called law enforcement and falsely reported that she requested an Uber ride, left with an Uber driver and was subsequently sexually battered by the Uber driver. ▮▮▮▮▮▮▮ was not an Uber driver. An investigation, which included video surveillance and a review of Uber records, revealed her report was patently false. After her initial false reports and the discovery of the true identity of the person she had sex with, ▮▮▮▮▮▮▮▮ on multiple occasions requested charges not be pursued or brought against ▮▮▮▮▮ and that the investigation cease. Independent of ▮▮▮▮▮▮▮ wishes, it also seems clear the St. Johns County Sheriff's Office determined no such crime occurred. This is the only reasonable conclusion that can be reached. Had it determined otherwise, I have no doubt an arrest would have been made. If there is no crime, there can be no victim. ▮▮▮▮▮▮▮▮ now appears to conveniently suggest she was a victim of a crime in hopes of quashing a fundamental constitutional right to public records. I cannot imagine the legislature intended to allow people to falsely report crimes and then claim they are victims under Marsy's Law. Her current attempts threaten and weaken the protections that are afforded actual victims of crimes.

I have reviewed the Florida case law that cites to Marsy's Law and Florida Statute 119.071 and can find no case holding records confidential where no crime was determined to have occurred by law enforcement. Additionally, I have seen no case which would support ▮▮▮▮▮▮▮▮ position and notably her lawyer has cited to none.

While not having an obligation to do so, I understand your desire to give ▓▓▓▓▓▓▓ notice of this request and additional time for her lawyer to articulate a basis to withhold such records. Now that you have done so and received no explanation as to how ▓▓▓▓▓▓▓ could be classified as a "crime victim" and there has been no legal proceeding filed to seek court intervention, I respectfully request you not allow her to further delay the production of records.


Josh A. Woolsey, Esq.



**WOOLSEY I MORCOM**
ATTORNEYS AT LAW

**Ponte Vedra Office:**
203 Fort Wade Road, Suite 105 | Ponte Vedra, FL 32081
**Jacksonville Office:**
630 West Adams Street, Suite 102 | Jacksonville, FL 32204
**Destin/Niceville**:
34990 Emerald Coast Pkwy, Suite 318 | Destin, FL 32541
**Palm Coast:**
4875 Palm Coast Pkwy NW, Suite 5 |Palm Coast, FL 32137
**San Antonio Texas:**
200 E. Grayson St., Suite 210 | San Antonio, TX 78215
Main 904-638-4235
Direct 904-638-4237
Fax 904-638-9302
josh@woolseymorcom.com | www.woolseymorcom.com

---

**From:** Becky Ausili <bausili@sjso.org>
**Sent:** Wednesday, June 15, 2022 4:09 PM
**To:** Josh Woolsey <josh@woolseymorcom.com>
**Subject:** [External] SJSO/Public Records Request

Good afternoon Sir:

Please see the attached information Mr. Cline received today from Attorney Dan Mowrey.




**Rebecca Ausili**
Paralegal | Office of the Sheriff

**ST. JOHNS COUNTY SHERIFF'S OFFICE** | *Robert A. Hardwick, Sheriff*
4015 Lewis Speedway, St. Augustine, Florida. 32084
Office 904.810.6604 | Cell 904.495.8171

# Exhibit 1-D

**From:**          Josh Woolsey <josh@woolseymorcom.com>
**Sent:**          Friday, June 17, 2022 10:59 AM
**To:**            Becky Ausili; Matthew Cline
**Cc:**             Josh Woolsey
**Subject:**       RE: [External] SJSO/Public Records Request

Mr. Cline –

Mr. Mowrey's response again ignores the actual facts of this case. It appears he hasn't even read the report. The fact that ▮▮▮▮▮▮▮ reiterated her false allegations to medical providers who confirmed sexual intercourse took place does not change her status to that of a victim. While I haven't had a chance to read the report, the medical providers would not know whether the encounter was consensual or not. Only ▮▮▮▮▮▮ and ▮▮▮▮▮ would know that. After interviewing both, the Sheriff's Office determined ▮▮▮▮▮ claims were unfounded. Additionally, ▮▮▮▮▮▮▮ decision to withhold these records during the actual criminal investigation and only disclose them 4 years later when the report is about to be produced in response to a public records request is telling. The reality is that she did not produce these records before because she knew the truth had been discovered through a diligent investigation by the police.

Contrary to what Mr. Mowrey suggests, the SJSO did not close an investigation into an allegation of a serious crime because ▮▮▮▮▮▮▮ wanted to. Instead, the office clearly determined no crime occurred and made the formal decision that her report was "unfounded". If the Sheriff's Office believes this new medical information changes that, I suspect it would need to re-open the case and re-interview ▮▮▮▮▮▮ to ask her if she was in fact sexually battered by ▮▮▮▮ and ask her to explain the several factual discrepancies (such as her false claim she was sexually battered by an Uber driver). She isn't claiming she is an actual victim of sexual assault, but wants to vaguely imply it through a lawyer in hopes of quashing a public record that demonstrates her character. Per the Constitution, <u>whether this report is subject to public records is solely determined by whether a crime was committed or not.</u> If the Sheriff's Office believes a crime was committed and truly only closed this case because ▮▮▮▮▮▮ requested same, I agree the report should not be produced. If it was determined no crime was committed, ▮▮▮▮▮▮ does not fall within the definition of a "crime victim". My reading of the report, including the finding of "unfounded" confirms this must be produced.

While I understand the professional courtesy to give ▮▮▮▮▮▮ notice that the report was being produced, allowing her to informally litigate and raise new evidence not provided by her during the actual investigation in hopes of convincing the Sheriff's Office not to produce a public record creates a terrible precedent for the Sheriff's Office. I suspect it is not the Sheriff's Office's policy to allow everyone named in a public record to have a chance to present argument and new evidence to avoid production.

Lastly, this record has already been inspected by me pursuant to Florida's public records laws. While we do not believe the medical records change anything, it is not the Sheriff's Office's fault that ▮▮▮▮▮▮ produced these records 4 years later and after your Office already determined the record was a public record and allowed inspection of same. My understanding is that the courtesy was to let her know the record was being produced before actually handing over the document. You have done that and it should now be turned over.

I again respectfully request the report be produced and the back and forth with her lawyer end. For clarity, whether protected or not, I am not asking for production of the medical records recently provided by ▮▮▮▮▮▮

Josh A. Woolsey, Esq.



**WOOLSEY | MORCOM**
ATTORNEYS AT LAW

**Ponte Vedra Office:**
203 Fort Wade Road, Suite 105 | Ponte Vedra, FL 32081
**Jacksonville Office:**
630 West Adams Street, Suite 102 | Jacksonville, FL 32204
**Destin/Niceville:**
34990 Emerald Coast Pkwy, Suite 318 | Destin, FL 32541
**Palm Coast:**
4875 Palm Coast Pkwy NW, Suite 5 |Palm Coast, FL 32137
**San Antonio Texas:**
200 E. Grayson St., Suite 210 | San Antonio, TX 78215
Main 904-638-4235
Direct 904-638-4237
Fax 904-638-9302
josh@woolseymorcom.com | www.woolseymorcom.com

**From:** Becky Ausili <bausili@sjso.org>
**Sent:** Friday, June 17, 2022 9:14 AM
**To:** Josh Woolsey <josh@woolseymorcom.com>
**Subject:** FW: [External] SJSO/Public Records Request

Good Morning Mr. Woolsey:

The below email was received yesterday.  Mr. Cline requested I forward same to you.



**Rebecca Ausili**
Paralegal | Office of the Sheriff

**ST. JOHNS COUNTY SHERIFF'S OFFICE** | *Robert A. Hardwick, Sheriff*
4015 Lewis Speedway, St. Augustine, Florida. 32084
Office 904.810.6604 | Cell 904.495.8171

**From:** Dan Mowrey <Dan@mowreylaw.com>
**Sent:** Thursday, June 16, 2022 4:23 PM
**To:** Matthew Cline <mcline@sjso.org>
**Cc:** Becky Ausili <bausili@sjso.org>
**Subject:** RE: SJSO/Public Records Request

**CAUTION:** This email originated from outside of the county. Do not click links or open attachments unless you recognize the sender and know the content is safe. If you believe this message is fraudulent or malicious, please contact SO IT for further assistance by email so_it_group@sjso.org , or phone 904-209-3138.

Mr. Cline,

You are now in possession of the forensic sexual assault examination that ███████ underwent on April 20, 2018. Sexual Assault Nurse Examiner Suzy Williams's report clearly indicates that ███████ exhibited physical injuries consistent with sexual assault, including genital trauma and torn clothing. Thus, ███████ clearly meets the definition of a crime victim under article I, section 16(e) of the Florida Constitution. The offense report states that the case was closed pursuant to ███████ wish to not proceed. ███████ decision to not proceed forward with the investigation does not equate to the false report of a commission of a crime, nor does it exclude her from the definition of a crime victim. Mr. Woolsey's recitation of Florida's public records laws and his accusations made against ███████ in his email to you on June 16, 2022 do not give him the right to read limitations into the constitutional text of article I section 16 in a manner not supported by its plain meaning.  Nothing in article I section 16 says that charges must be filed, that an arrest must be made, or that criminal proceeding need to commence before ███████ is entitled to the protections offered under the law. *See Florida Police Benevolent Association v. City of Tallahassee*, 315 So.3d 796, 803 (Fla. 1st DCA, 2021). Many rights granted to crime victims do not relate to criminal proceedings and extend beyond the judicial process. *See id.*

Furthermore, including ███████ within the definition of a crime victim does not thwart Florida's public records laws. The provisions coexist and are to be construed in harmony. In describing the broad right to public records, article I, section 24(a) recognizes the exemptions and confidentiality rights afforded to crime victims by the Constitution. ███████ has the express right to seek confidential treatment for public records that could be used to intimidate, harass, and humiliate her.

As you are already aware, Joshua Woolsey's wife, Casey Woolsey, is ███████ judicial opponent. It is readily apparent the sole intent of Mr. Woolsey's public records request is to publicly harass, humiliate, and intimidate ███████ on behalf of his wife and his wife's campaign.

Mr. Woolsey's actions and requests are exactly what Marsy's Law and Florida Statute §119.071 are intended to protect against. For these reasons, we ask that you provide ███████ with the rights she is afforded under the laws and Constitution of the state of Florida and not disclose the records in issue.

Sincerely,

**Daniel A. Mowrey, Esq.**
Telephone:  (904) 824-7799
Facsimile:  (904) 824-5709



2801 North Third Street, St. Augustine, FL 32084
**mowreylaw.com**

  *Consider before you print.*

This e-mail is from Mowrey Law Firm, PLLC and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of ours, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to us in reply that you would expect us to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of ours, you should maintain its contents in confidence to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

# Exhibit 1-E



## ST. JOHNS COUNTY SHERIFF'S OFFICE
4015 LEWIS SPEEDWAY
ST. AUGUSTINE, FL 32084
(904)824-8304

SUPPLEMENT NUMBER
1

# OFFENSE REPORT

| Agency Case Number SJSO18OFF004287 | Report Date / Time 04/23/2018 12:31 PM | Offense Description 0201 FORCIBLE RAPE |
|---|---|---|
| CAD Incident Number SJSO18CAD059729 | External Case Reference Number | Range of Occurrence Date/Time 04/20/2018 02:03 AM to 04/20/2018 06:30 AM |

### LOCATION OF OCCURRENCE

| County ST. JOHNS | Address 400 GUN CLUB RD , SAINT AUGUSTINE, FL 32095 | | Latitude 29.9721610935119 | Longitude -81.3480555590159 |
|---|---|---|---|---|
| Location Category Vehicle | Location Type Offender's car | Location Description truck | Location Status None | Lighting Condition Unknown |

| Weather | ☐ Clear | ☐ Cloudy | ☐ Fog | ☐ Rain | ☐ Snow | ☐ Hail | ☐ Other | ☐ Unknown |
|---|---|---|---|---|---|---|---|---|

**PERSON: OTHER PERSON**

**PERSON: OTHER PERSON**

**PERSON: OTHER PERSON**

| First Name JAMES | Middle Name PATRICK | Last Name WILSON | Suffix | Date of Birth 10/04/1971 | Age 46 | Race W | Sex M | Height 5'10" | Weight 170 | Hair BRO | Eyes BLU |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Master Name Index Number SAPD14MNI209527 | Place of Birth JACKSONVILLE | Nation UNITED STATES | Driver's License or Other D W425455713640 | | | | State FL | Class or Type E | | | |
| Address 5246 RIVER PARK VILLAS DR | | City ST. AUGUSTINE | | County ST. JOHNS | | State FL | Zip Code 32092 | | Phone (904)615-3267 | | |
| Residence Status Within jurisdiction | | Vehicle on Report Associated with Person | | | ☐ Arrested | | ☐ Wanted | | | | |
| Occupation OWNER | | Employer JIMMY JAMES PRODUCTION CO | | | | | | Master Business Index Number | | | |
| Address | | City | | | State | Zip Code | | Phone | | | |

**PERSON: OTHER PERSON**

| First Name WYNDE | Middle Name FINLAYSON | Last Name WILSON | Suffix | Date of Birth 09/29/1965 | Age 52 | Race W | Sex F | Height 5'07" | Weight 115 | Hair BLN | Eyes BRO |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Master Name Index Number SAPD16MNI231383 | Place of Birth TALLAHASSEE | Nation UNITED STATES | Driver's License or Other D W425886658490 | | | | State FL | Class or Type E | | | |
| Address 5246 RIVER PARK VILLAS DR | | City ST. AUGUSTINE | | County ST. JOHNS | | State FL | Zip Code 32092 | | Phone (904)615-3762 | | |
| Residence Status Within jurisdiction | | Vehicle on Report Associated with Person | | | ☐ Arrested | | ☐ Wanted | | | | |
| Occupation MANAGER | | Employer BRITISH PUB | | | | | | Master Business Index Number SJSO19MBI002186 | | | |
| Address 213 ANASTASTIA BLVD | | City ST AUGUSTINE | | | State FL | Zip Code 32084 | | Phone | | | |

**PERSON: WITNESS B**

| First Name SYREETA | Middle Name CARTER | Last Name CADDLE | Suffix | Date of Birth 08/23/1980 | Age 37 | Race B | Sex F | Height 5'07" | Weight 120 | Hair BLK | Eyes BRO |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Master Name Index Number SJSO13MNI019277 | Place of Birth | Nation UNITED STATES | Driver's License or Other C340783808030 | | | | State FL | Class or Type E | | | |
| Address 3770 TOLEDO RD   64 | | City JACKSONVILLE | | County DUVAL | | State FL | Zip Code 32217 | | Phone (678)598-7349 | | |
| Residence Status Within state | | Vehicle on Report Associated with Person | | | ☐ Arrested | | ☐ Wanted | | | | |
| Occupation DJ | | Employer BRITISH PUB | | | | | | Master Business Index Number SJSO19MBI002186 | | | |
| Address 213 ANASTASTIA BLVD | | City ST AUGUSTINE | | | State FL | Zip Code 32084 | | Phone | | | |

### PROPERTY ITEMS

| ▶ Property Code EVIDENCE | Article Type | Description DVD CONTAINING IMAGES AND VIDEOS FROM SURVEILLANCE | | | | | |
|---|---|---|---|---|---|---|---|
| Brand | Model | Serial Number | OAN | Qty 1 | Value 1 | Recovered Date/Time | Recovered Value 0 |

| Agency Case Number | Report Date / Time | Offense Description |
|---|---|---|
| SJSO18OFF004287 | 04/23/2018 12:31 PM | 0201 FORCIBLE RAPE |
| CAD Incident Number | External Case Reference Number | Range of Occurrence Date/Time |
| SJSO18CAD059729 | | 04/20/2018 02:03 AM to 04/20/2018 06:30 AM |

| ▶ Property Code | Article Type | Description |
|---|---|---|
| EVIDENCE | | INTERVIEW WITH DAVID SEALS |
| Brand | Model | Serial Number | OAN | Qty | Value | Recovered Date/Time | Recovered Value |
| | | | | 1 | 1 | | 0 |

**INITIAL NARRATIVE: 04/23/2018 12:31 PM**

| Reporting Officer | | | Approving Supervisor | | |
|---|---|---|---|---|---|
| Call Number | Officer Name | Permanent D Number | Approved | Supervisor Name | Permanent ID Number |
| I3722 | HUSKEY, ANDREW M | SJSO12PER000104 | ☑ | HARRIGAN, GEORGE H JR | SJSO06PER000565 |

**CAD INCIDENT DISPOSITION CODE: [2319] [  B] [  1] [  OI]**

**April 20, 2018**

In the late afternoon hours, Sergeant Harrigan asked me to investigate an allegation of sexual battery. Sergeant Harrigan provided me with the following information. The complainant/victim, ██████ went out with friends the evening of 04/19/2018, which carried over into the morning hours of 04/20/2018. While at the British Pub (213 Anastasia Blvd), ██████ friends decided to leave, but ██████ remained at the British Pub to sing karaoke. At the end of the outing, ██████ took an Uber home by herself. ██████ described the Uber vehicle as a light colored four-door truck. While en route to her residence, ██████ said the Uber driver turned on to Gun Club Road, parked in a dark area, and forcefully sexually battered her. After the alleged sexual battery, ██████ walked towards US-1 and waived down a vehicle for help. The vehicle operator drove ██████ to the Northeast Florida Regional Airport (4900 US-1 North), where she eventually called her step-father for help.

██████ had initially followed the non-report protocol and she participated in a sexual assault examination. ██████ was uncertain if she wanted to formally report the incident. Sergeant Harrigan instructed me to meet with ██████ at the scene on Gun Club Road and attempt to locate any evidence. St. Johns County Sheriff's Office (SJSO) Crime Scene Technician (CST) Marilyn Butts also met with us on scene. ██████ escorted us to an area on Gun Club Road that was between Hawkeye View Lane and the entrance of St. Augustine Gun Club. ██████ pointed to a set of tire impressions and said that is where she believed the incident occurred. I observed the impressions and noticed fallen leaves and grass to be growing from where the tread pattern would have been visible. I concluded the tire impressions were older and more than likely not connected to this incident. CST Butts and I canvassed the area and located multiple areas where the ground appeared to be recently disturbed. Upon further review, the ground disturbances appeared to be from something similar to a dirt bike, bicycle, or something with a thin tire profile. CST Butts photographed the area and later submitted the photographs into evidence at SJSO. I asked ██████ if she could describe the Uber driver, to which she said she doesn't remember anything about him. I provided ██████ my business card and told her to call me if she remembers anything. ██████ said she would text me screenshots from her cell phone that provided information about her Uber usage on 04/20/2018. I later received two screenshots, which were later submitted into evidence at SJSO.

Later in the evening, Detective Greene and I went to the British Pub and met with Wynde Wilson, the manager. I explained that we were investigating an incident and I requested to speak with any employees that were working last night (04/19/2018). Wynde attempted to call the bartender, Chelsea O'Brien, but Chelsea did not answer the phone. Wynde then called the DJ, Syreeta Caddle, and allowed me to speak with her. I asked Syreeta if she remembered a female with a bridal party or a female by herself trying to sing karaoke at the end of the night, to which Syreeta said "Yes." I asked Syreeta to describe the female she remembered. Syreeta said the female was white, had dark hair, was wearing a blue dress without sleeves, and was with a guy towards the end of the night. Syreeta said she is really good with names, so she remembered the female's name is "██████ and the male's name is ██████ Syreeta said she observed ██████ and ██████ "leaned up on each other" and she thought at one point they may have been kissing each other. I asked Syreeta to describe what ██████ looked like and what he was wearing. Syreeta said ██████ was a white male, he was wearing a white shirt, shorts, and a ball cap.

I asked Wynde if we could view the credit card receipts from the previous night to see if anyone named ██████ was at the pub. There was only one credit card receipt that contained the name ██████ with the full name being ██████. I requested SJSO communications to search the Driver And Vehicle Information Database (DAVID) for the name ██████ Communications operator Williams said she located two subjects named ██████ that had registered addresses in northeast Florida. ██████ had an address in Duval County, but no vehicle records. ██████ had an address in St. Johns County and two vehicle records; a 2016 gray colored Nissan utility vehicle and a 2013 aluminum/silver colored Ford truck.

| Agency Case Number<br>SJSO18OFF004287 | Report Date / Time<br>04/23/2018 12:31 PM | Offense Description<br>0201 FORCIBLE RAPE | |
|---|---|---|---|
| CAD Incident Number<br>SJSO18CAD059729 | External Case Reference Number | Range of Occurrence Date/Time<br>04/20/2018 02:03 AM to 04/20/2018 06:30 AM | |

When asked, Wynde allowed Detective Greene and I to review surveillance video during the time ▮▮▮ was at the pub. At the 01:07:25 AM timestamp, I observed a male fitting the description provided by Syreeta. That male was dancing with a female that also matched the description provided by Syreeta. Via text message, I requested ▮▮▮ to send me a picture of what she was wearing on the night in question. ▮▮▮ sent me two pictures of herself wearing a blue colored dress. I compared the photographs ▮▮▮ sent of herself, to the female I observed in the video surveillance, and I believe them to be the same person. I continued watching the surveillance video. At the 01:32:26 AM timestamp, ▮▮▮ is seen walking with a female to the front entrance of the pub, exiting the pub, and it appears that ▮▮▮ is talking with the same female who escorted her out of the pub. At the 01:37:48 AM timestamp, the female who escorted ▮▮▮ outside, can be seen exiting from camera view and is not seen again; it is presumed the female departed from the pub. ▮▮▮ remains at the pub and at the 01:39:58 AM timestamp, ▮▮▮ can be seen standing on the karaoke stage with ▮▮▮ At the 01:55:00 AM timestamp, ▮▮▮ can be seen exiting the rear entrance of the pub with ▮▮▮. ▮▮▮ and ▮▮▮ can be seen talking with each other, holding hands, and eventually walking out of camera view at approximately 02:02:50 AM. I took some still pictures and video recordings of the surveillance video, and later submitted them into evidence at SJSO.

Detective Greene canvassed the neighboring businesses for surveillance cameras and located one on the exterior of O'Steen's Restaurant (205 Anastasia Blvd). Detective Greene spoke with an employee who said we could come by tomorrow (04/21/2018) and review what the camera recorded.

At approximately 2220 hours, ▮▮▮ sent me a text message stating, "I still have my shoes. I would like to move forward with the investigation." Sergeant Harrigan also received a text message from ▮▮▮ indicating she wanted to continue with the investigation. Sergeant Harrigan indicated that Detective Greene and I may be making contact with ▮▮▮ this evening, but he wanted to update ▮▮▮ on what we observed on the surveillance video.

Detective Greene and I drove to ▮▮▮ residence (▮▮▮▮▮▮) and observed a 2013 aluminum/silver colored Ford truck bearing Florida license plate ▮▮▮ parked in the driveway.

Sergeant Harrigan later notified me that he spoke with ▮▮▮ and she requested additional time to think about if she wanted to pursue this matter or not. Sergeant Harrigan advised we could suspend investigative efforts for the evening.

April 21, 2018

At approximately 1500 hours, I went to O'Steen's Restaurant and met with the manager on duty, Charlene Burnett. Charlene allowed me to review the video surveillance from the early morning hours of 04/20/2018. I reviewed the time when ▮▮▮ and ▮▮▮ were seen leaving the British Pub, but they did not come into view of O'Steen's camera.

Sergeant Harrigan drove by ▮▮▮ residence, but his truck was not there. ▮▮▮ Facebook page was located and it listed his current employer as ▮▮▮.

At approximately 1616 hours, I called ▮▮▮ and asked to speak to ▮▮▮. I was told ▮▮▮ was busy at the moment, so I requested that he call me back.

At approximately 1634 hours, I received a phone call from ▮▮▮ at ▮▮▮. I explained to ▮▮▮ that I wanted to speak to him about my investigation, to which he agreed to meet with me. ▮▮▮ requested that I meet with him at ▮▮▮ in approximately one hour.

At approximately 1730 hours, Sergeant Harrigan and I met with ▮▮▮ at ▮▮▮ asked if his manager could be present while he spoke with us, to which I said "Yes." ▮▮▮ and his manager escorted us to an empty office, where ▮▮▮ participated in a sworn recorded interview. A copy of the interview was later submitted into evidence at SJSO. For complete details, please review the interview in its entirety. The following is a synopsis. ▮▮▮ said he met his friend named "PJ" at the British Pub (213 Anastasia Blvd) and consumed two or three beers. ▮▮▮ said he was approached by a female named ▮▮▮ and she began to dance on him. ▮▮▮ said he and ▮▮▮ began talking and he learned that ▮▮▮ was married. ▮▮▮ said ▮▮▮ indicated she was going to take an Uber

| Agency Case Number<br>SJSO18OFF004287 | Report Date / Time<br>04/23/2018 12:31 PM | Offense Description<br>0201 FORCIBLE RAPE | |
|---|---|---|---|
| CAD Incident Number<br>SJSO18CAD059729 | External Case Reference Number | Range of Occurrence Date/Time<br>04/20/2018 02:03 AM to 04/20/2018 06:30 AM | |

home. While they were talking, ▮▮▮▮ asked ▮▮▮▮ to giver her a ride home. ▮▮▮▮ agreed to take ▮▮▮▮ home, so they used the rear exit of the British Pub and went to his truck that was parked in the rear parking area. Once in the truck, ▮▮▮▮ and ▮▮▮▮ began talking. ▮▮▮▮ said they eventually started "making out" which led to mutual fondling; specifically, ▮▮▮▮ said he touched ▮▮▮▮ vagina. ▮▮▮▮ said they sat in the parking lot for "quite a while," later specifying approximately thirty minutes or an hour. I asked ▮▮▮▮ how ▮▮▮▮ was acting at this point and if she was saying anything. ▮▮▮▮ replied, "Fine. I mean, the only thing she was like, 'We shouldn't do this cause I'm married.'"

▮▮▮▮ said he began driving towards Nocatee because that is where ▮▮▮▮ told him she lived. ▮▮▮▮ said as he was driving north on US-1, they began to talk. ▮▮▮▮ said ▮▮▮▮ told him that she has had some issues in her life, so ▮▮▮▮ explained that he was also experiencing some issues in his personal life. ▮▮▮▮ said ▮▮▮▮ further explained that her "marriage isn't that great either" and that she has children. ▮▮▮▮ said as he continued driving, ▮▮▮▮ began touching his "crotch." ▮▮▮▮ asked ▮▮▮▮ if she wanted him to pull over, to which ▮▮▮▮ advised ▮▮▮▮ response was "Yeah." ▮▮▮▮ said he didn't know the name of the street he turned onto, but it was a small road that didn't have many houses. ▮▮▮▮ said he exited his truck, removed the child safety seats from the rear seating area, and placed the child safety seats in the bed of the truck ▮▮▮▮ said ▮▮▮▮ crawled over the center console and into the back seat, where they engaged in consensual sexual intercourse. When asked, ▮▮▮▮ said he did not remove ▮▮▮▮ clothing but he did rip her panties when he pulled them aside. When the sexual intercourse ended, ▮▮▮▮ exited the truck and got dressed. After getting dressed and returning to the interior of the truck, ▮▮▮▮ noticed ▮▮▮▮ was gone. ▮▮▮▮ said he got out and called out for ▮▮▮▮ but he neither saw nor heard her. ▮▮▮▮ said he then got into his truck and drove down the road, but he neither saw nor heard ▮▮▮▮ ▮▮▮▮ said he then drove home.

▮▮▮▮ was asked how many times he and ▮▮▮▮ had sexual intercourse, to which he said "Just once." ▮▮▮▮ was asked how drunk did he think ▮▮▮▮ was, to which he replied, "I don't, I don't really know. I mean, I don't know. She seemed pretty coherent to me." When asked, ▮▮▮▮ advised ▮▮▮▮ was conscious during the sexual intercourse. When asked, ▮▮▮▮ advised he did not use protection during sexual intercourse. ▮▮▮▮ advised when it came time for him to ejaculate, he ejaculated in his hand because ▮▮▮▮ told him she didn't want her clothes messed up and because she said she didn't want to have another kid. A short time later, the interview concluded.

April 23, 2018

At approximately 1815 hours, I went to the British Pub and attempted to collect the surveillance video recording from 04/19/2018 and 04/20/2018. It appeared that the surveillance system holds recorded data for three days, because the data from 04/20/2018 was not available to review or download. The British Pub owner, James Wilson, said he would review the surveillance system and attempt to retrieve the requested data. If James is able to retrieve the requested data, he will contact me at that time.

Ultimately, ▮▮▮▮ decided she does not want to pursue this matter any further. All investigative efforts have been ceased at the request of ▮▮▮▮ No further action will be taken by this Detective.

INVESTIGATIVE NARRATIVE: 04/23/2018 03:04 PM

| Reporting Officer | | | Approving Supervisor | | |
|---|---|---|---|---|---|
| Call Number<br>I3930 | Officer Name<br>BUTTS, MARILYN | Permanent ID Number<br>SJSO16PER000029 | Approved<br>☑ | Supervisor Name<br>FERRARO, JENNIFER J | Permanent ID Number<br>SJSO06PER000762 |

On Friday, April 20, 2018

At approximately 1700 hours, I responded to the 400 block of Gun Club Road to assist the Special Victim's Unit in an investigation.  At approximately 1725 hours, I arrived on the scene.  Present were Sergeant George Harrigan and Detective Andrew Huskey.  Sergeant Harrigan advised that a reported incident occurred in the area south of the roadway.

At approximately 1810 hours, I photographed the scene, including a possible injury on the victim's left wrist.

I collected the following Exhibit:
 - Exhibit #1 – One photo disc containing 36 images of the scene and injury to the victim's left wrist.

Offense Report                                                                                                                Page 4 of 5

| Agency Case Number<br>SJSO18OFF004287 | Report Date / Time<br>04/23/2018 12:31 PM | Offense Description<br>0201 FORCIBLE RAPE |
| CAD Incident Number<br>SJSO18CAD059729 | External Case Reference Number | Range of Occurrence Date/Time<br>04/20/2018 02:03 AM to 04/20/2018 06:30 AM |

On Monday, April 23, 2018

At approximately 0900 hours, I submitted Exhibit #1 into Evidence.

**REPORTING OFFICER / SUPERVISOR APPROVAL**

| Reporting Officer | | Approving Supervisor | | | |
|---|---|---|---|---|---|
| Call Number<br>I3722 | Name<br>HUSKEY, ANDREW M | ID Number<br>3088 | Rank<br>LE SGT | Name<br>HARRIGAN JR, GEORGE | |
| Signature | | Signature | | | |

# Exhibit 1-F

**Re: [External] Important, please read**

Brianna Jordan <brianna@frontstreetflorida.com>
Fri 6/24/2022 3:43 PM
To:Casey Woolsey   casey@woolseymorcom.com
Cc:William Arnold <arnold.william.r@gmail.com>;Kelly Harrison <james.kelly.harrison@gmail.com>

Thanks, Casey!

As per usual, we will only be running a positive campaign. We will win this race on your merits alone.

All the best,
Brianna


Brianna M Jordan
Front Street Consulting
203 313 4695
www.frontstreetflorida.com


On Fri, Jun 24, 2022 at 2:47 PM Casey Woolsey    casey@woolseymorcom.com    wrote:

> Team:
>
> As you may know, my husband submitted a public records request to the St. Johns County
> Sheriff's Office for records containing the name ██████████ . In response, a police report was
> produced documenting a claim by █████ that she was sexually assaulted. After what appears to be
> a thorough investigation, the police determined the report was unfounded. After being told the report
> was being produced, █████ then sued the Sheriff's Office. Today, a judge determined we are not
> involved in the case and are not impacted by it.
>
> Unfortunately, █████ has used the fact that my husband submitted a public records request
> to spread a story that we are using her status as a rape victim against her for political gain. While I
> understand the report appears to contradict her claim that she is a rape victim, the allegation that
> we are using the report against her is untrue.
>
> Unfortunately, as a result of the lawsuit she filed, it appears many people have learned about
> the police report and the lawsuit. It is not easy to sit back and allow her to claim I am running a
> "smear campaign" simply because my husband submitted a public records request, but I would like

our campaign to stay out of it. I want to run a positive campaign. If I am asked about the report or the litigation, I intend to say the following:

**"I understand** ⬛⬛⬛⬛ **has sued the St. Johns County Sheriff's office. I am not involved in that lawsuit and have no further comments on it. As it relates to the report, I am aware of its existence, but also choose not to comment on that. To the extent my opponent has suggested I am using the report against her politically, that is untrue."**

I encourage you to give a similar response if asked. I want to run a positive campaign and win on my qualifications as compared to hers.

I look forward to moving pa  t thi   and toward victory

Best,

Casey Woolsey