# Exhibit 2

## DECLARATION UNDER PENALTY OF PERJURY OF MATTHEW CLINE

I, Matthew Cline, declare that under penalty of perjury, pursuant to the laws of the United States and of the State of Florida, that the following statements are true and correct:

1. I have spoken with David Rothman, who informed me he is representing Judge Casey Woolsey in a confidential matter before the Judicial Qualifications Commission in which my declaration would be of assistance to the Commission.

2. I am an active lawyer licensed in the State of Florida.

3. I have worked with the St. Johns County Sheriff's Office ("SJSO") for 14 years and am currently its general counsel.

4. On or about April 13, 2022, Joshua A. Woolsey submitted a public records request through the SJSO's online "Records Request Center" for certain records maintained by the SJSO.

5. Several records were identified as being responsive to Mr. Woolsey's request. Prior to my speaking with Mr. Woolsey about the records, the SJSO determined the records were required to be produced pursuant to Florida public records laws.

6. One of the public records was a police report with Agency Case Number SJSO18OFF004287 ("PR 4287"). This public record documented a complaint and investigation by the SJSO relating to an alleged sexual battery.

7. Mr. Woolsey had no involvement in the decision to produce PR 4287 as a public record. The only communications between Mr. Woolsey and the SJSO about the record occurred after it was determined by the SJSO to be a public record.

8. After SJSO determined PR 4287 was a public record, I decided to first produce the document to Mr. Woolsey through an inspection, as is permitted by Florida's public records laws, and to subsequently provide a copy to him.

9. I contacted Mr. Woolsey around late May 2022 to request he come by to review PR 4287 in person before I provided him a physical copy. Mr. Woolsey did not come down to inspect the document until June 9, 2022.

10. At the public record inspection by Mr. Woolsey on June 9, 2022, I informed Mr. Woolsey that I preferred to notify the person who reported the alleged sexual battery ▮ that the actual report was being sent out prior to sending a hard copy to Mr. Woolsey.

11. I met with ▮ on June 10, 2022, and notified her that Mr. Woolsey had inspected PR 4287 the day before. I also notified her that the SJSO was providing a copy of the report to Mr. Woolsey.

12. A few days later, Daniel Mowrey, a lawyer representing ▮ contacted me in writing, claiming the report was not a public record and was protected as a result of Marsy's Law. The SJSO disagreed with Mr. Mowrey's position.

13. As a courtesy, I forwarded Mr. Mowrey's letter to Mr. Woolsey. I received follow-up emails from Mr. Woolsey and Mr. Mowery regarding PR 4287.

14. A redacted physical copy of the report was provided to Mr. Woolsey.

15. As it relates to PR 4287 and the investigation, I was employed with the SJSO at the time of the investigation, was involved in the investigation and have personal knowledge regarding the investigation. At that time I served as the Undersheriff.

16.     The SJSO disposition code of 2319 on the report means the reported crime was determined to be "unfounded".

17.     As a result of the production of PR 4287, ▆▆▆ sued the SJSO.

18.     Although the Court initially entered Orders in June 2022 restricting the SJSO from releasing PR 4287 without further order of the Court, the Court subsequently determined, in or around October 2022, that SJSO was permitted to produce the report in response to any public records request. Pursuant to the Court's request, the SJSO redacted the names and identifying information of both individuals involved in the alleged incident that was the subject of the report.

19.     It is my understanding the report has been produced in response to other public record requests subsequent to Mr. Woolsey's request.

Signed and dated, this 23rd day of October, 2023

_____
MATTHEW CLINE