## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**JANE DOE,**

     Plaintiff,

v.                       Case No. 3:24-cv-00489-BJD-MCR

**ROBERT A. HARDWICK, et al.**

     Defendants.

_____/

## PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY AND RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PROCEED IN HER OWN NAME AND

Plaintiff Jane Doe, through her undersigned counsel, files this Motion to Proceed Anonymously and her Response in Opposition to Defendants Sheriff Robert A. Hardwick and Matthew Cline's Motion to Compel Plaintiff to Proceed in Her Own Name and states as follows:

### I.    Introduction

Defendants have moved to compel Plaintiff to disclose her true identity in all pleadings under Federal Rule of Civil Procedure 10(a), arguing that anonymity is unwarranted and prejudicial. Plaintiff opposes this motion because the circumstances here justify using a pseudonym to protect Doe's privacy and personal safety.

1

## II.    <u>Legal Standard</u>

Federal Rule of Civil Procedure 10(a) requires the title of a complaint to name all parties. However, courts have recognized exceptions to this rule when the need for anonymity outweighs the public interest in open judicial proceedings. The Eleventh Circuit, in *Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992), set forth the factors to be considered in determining whether a plaintiff may proceed anonymously. These factors include whether the plaintiff is challenging governmental activity, whether the plaintiff is required to disclose information of the utmost intimacy, and whether the plaintiff risks criminal prosecution by admitting his/her intention to engage in illegal conduct. *Id.* at 322.

## III.    <u>Background</u>

Plaintiff endured a harrowing sexual battery by a stranger on or about April 20, 2018. The assault occurred in the early hours following a night out celebrating her recent marriage with friends. In a state of shock, she managed to escape the assailant, flag down a passing car, and borrow a phone to contact a family member. Her stepfather promptly picked her up and took her to her residence, where she reached out to a close friend and former assistant state attorney experienced in prosecuting sex crimes.

This friend acted swiftly, arranging for Plaintiff to meet with a sexual assault nurse examiner (SANE) at the Family Life Center for a rape kit examination. The examination revealed significant physical trauma, including vaginal tearing and her panties forcefully shoved up to her bra. Following the examination, Plaintiff, a criminal defense attorney, contacted the assistant of the SJSO undersheriff, Matthew Cline, via the assistant's personal cell phone.

Plaintiff's friend and Cline's assistant coordinated a meeting with SJSO detectives for her to officially report the sexual battery and undergo an interview. During the meeting, detectives questioned her about the incident's details and the location where the assault occurred. They documented bruising on her wrist caused by the assailant's forceful restraint. The assault left Plaintiff profoundly traumatized both physically and emotionally.

The investigators assured her she could halt the investigation at any point, emphasizing her control over the process. The challenging recovery process, compounded by the need to support her husband, mother, stepfather, and close friend while also caring for her two sons and managing her law practice, led Plaintiff to the agonizing decision not to pursue criminal charges against the assailant. She also wanted to keep the incident private to avoid disclosing the traumatic event to her children, family, friends, and colleagues.

## IV.    <u>Argument</u>

As explained below, Defendants have no legitimate interest in not permitting Plaintiff to proceed anonymously. Not permitting Plaintiff to proceed with a pseudonym would only hurt her further without good reason.

### A.    This Case Involves Sensitive and Highly Personal Matters

Plaintiff's claims arise from circumstances that are deeply personal and involve allegations of a sexual nature. Specifically, Plaintiff was the victim of a sexual battery on April 20, 2018, and she chose to keep this matter private to protect her emotional well-being and avoid public scrutiny. Courts have recognized that cases involving such sensitive issues justify anonymity to protect plaintiffs from further trauma and public scrutiny. For example, in *Doe v. Neverson,* 820 Fed.Appx. 984 (11th Cir. 2020), 2020 WL 4355554, the Eleventh Circuit reversed the district court's decision; it allowed the plaintiff to proceed under a pseudonym, noting that the social stigma and potential for harm warranted such protection. Similarly, in *Doe v. Predator Catchers, Inc.,* 343 F.R.D. 633 (M.D. Fla. 2023), 2023 WL 2667012, the Middle District of Florida allowed the plaintiff to proceed anonymously due to the highly intimate nature of the allegations involving personal and sexual matters. Therefore, Plaintiff should also be permitted to proceed anonymously.

### B.     The Potential for Retaliation and Harm to Plaintiff

Revealing Plaintiff's identity poses a significant risk of retaliation and harm. Plaintiff has already faced threats and harassment related to the underlying events. Courts such as *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) recognize the importance of protecting plaintiffs from retaliation and the potential for social stigmatization when allowing anonymity. Likewise, disclosure of her identity could exacerbate these threats, causing irreparable harm to her safety and well-being.

### C.     The Public Interest Does Not Outweigh Privacy Rights

While the public is interested in open judicial proceedings, this interest does not outweigh the Plaintiff's substantial privacy rights in this case. Defendants' argument that anonymity is prejudicial is speculative and does not demonstrate actual harm. Furthermore, the public can be adequately informed about the proceedings without disclosing Plaintiff's identity, as the substantive issues of the case will be fully presented and adjudicated. Plaintiff has a substantial likelihood of significant harm if her identity were disclosed.

As discussed above, the factual history of this case shows Plaintiff's significant privacy interest spanned well before she filed his lawsuit. The challenging recovery process, compounded by the need to support her husband, mother, stepfather, and close friend while also caring for her two sons and

managing her law practice, led Plaintiff to the agonizing decision not to pursue criminal charges against the assailant. She also wanted to keep the incident private to avoid disclosing the traumatic event to her children, family, friends, and colleagues. Thus, Plaintiff's privacy interests in this matter are significant – as shown by her pre-litigation conduct; the public interest in knowing her name is little to none.

### D.  Public Information Actually Cuts Against Defendant

Defendants claim that Plaintiff's name is already discoverable in the public domain, so she should not have any protections (see footnote 5 of their instant Motion to Compel). However, because the information is discoverable by some internet sleuth, it only goes to prove that revealing her name on the highly-indexed PACER docket is unnecessarily cruel. In other words, the public interest in knowing her identity is already "protected" because people who care could identify her through a public search for whoever was now Judge Casey Woolsey's "sole opponent" in 2021.  Her fictitious name is not pointless because it keeps her identity out of the Google search's seemingly automatic indexing of every Federal case. Plaintiff's fictitious name protects her identity from the unnecessary harms of modern search-friendly websites.

### E.      State Law Also Favors Protecting Plaintiff

Finally, to the maximum extent possible, Plaintiff exercises her rights to her privacy under Florida's state laws. For example, the State's strong interest in protecting sex crime victims was recognized in Fla. Att'y Gen. Op. 2003-56 (2003), where Charlie Christ (as Attorney General) wrote:

> While it is well-settled that judicial records are not subject to legislative control and the judiciary is not an "agency" for purposes of Chapter 119, Florida Statutes,[6] there is a constitutional right of access to public records created by section 24(a), Article I, Florida Constitution, that includes public access to records of the judicial branch. The Florida Supreme Court has adopted Judicial Administration Rule 2.051, which specifically exempts "[a]ll records made confidential under the Florida and United States Constitutions and Florida and federal law[.]"[7] While this office must respectfully defer to the judiciary's interpretation and application of its own rules, it would appear that the plain language of Rule 2.051 **recognizes the confidential nature of the identity of victims of sexual victims afforded by the Legislature in section 119.07(3)(f), Florida Statutes.**

(footnotes omitted, emphasis supplied). Thus, protecting Plaintiff's identity is also consistent with the protections given by Florida law to victims of sexual assault.

### IV.   <u>Conclusion</u>

For the reasons stated above, Plaintiff respectfully requests that this Court deny Defendants' Motion to Compel Plaintiff to Proceed in Her Own Name. Plaintiff has demonstrated a substantial privacy interest that outweighs the public's interest in disclosure, and the potential harm to Plaintiff justifies the

continued use of a pseudonym and warrants granting her instant motion to proceed anonymously.

Respectfully submitted:

 /s/ Marie A. Mattox_____
Marie A. Mattox [FBN 0739685]
**MARIE A. MATTOX, P.A.**
203 North Gadsden Street
Tallahassee, Florida 32301
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)
ATTORNEY FOR PLAINTIFF

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Middle District of Florida Local Rule 3.01(g), before filing this motion, counsel for Plaintiff conferred in good faith with counsel for Defendants. No resolution can be reached.

/s/ Marie A. Mattox
Marie A. Mattox

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Court's electronic filing system, which will send notice to all counsel of record this 15th day of July, 2024.

/s/ Marie A. Mattox
Marie A. Mattox