## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JANE DOE,

     *Plaintiff,*

v.                             Case No:  3:24-cv-489

ROBERT A. HARDWICK, in his official
capacity as SHERIFF OF ST. JOHNS
COUNTY, et al.,

     *Defendants*.

_____/

### STOP DOMESTIC VIOLENCE FLORIDA'S MOTION TO DISMISS COUNTS V, VIII, AND IX OF AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, Stop Domestic Violence Florida ("SDVF"), pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Counts V, VIII, and IX of Plaintiff's Amended Complaint as to SDVF with prejudice, for failure to state a claim upon which relief can be granted. In support, SDVF submits the following memorandum of law, which is incorporated below.

1

## INTRODUCTION

Plaintiff Jane Doe, a former judicial candidate, brings claims of negligent infliction of emotional distress ("NIED"), defamation by implication, and civil conspiracy to commit defamation against Stop Domestic Violence Florida ("SDVF"), an unincorporated association registered as a Florida political committee,[1] for its political speech during an election that Plaintiff lost. Specifically, Plaintiff alleges that SDVF defamed Plaintiff by mailing a flyer asserting that Plaintiff was "anti-police" for suing the St. Johns County Sheriff's Office ("SJSO"), that this speech was born out of a civil conspiracy to defame Plaintiff and undermine her judicial campaign, and that this conduct negligently caused her "severe emotional distress." SDVF moves to dismiss these three claims against it for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

Plaintiff is a former candidate for county court judge in St. John's County. Am. Compl. ¶¶ 25–26. In 2018, Plaintiff reported to the SJSO that

---

[1] SDVF is registered with the Florida Division of Elections as a political committee because its activities meet the definition of a "political committee" under section 106.011(16)(a), of the Florida Statutes.

she was the victim of a sexual assault, Am. Compl. ¶ 13–18, but later requested that the SJSO cease investigation and close the case. Am. Compl. ¶ 19. The SJSO complied with this request and closed the case before completing the investigation. *Id.* Because the case involved a reported sexual battery, any potentially identifying information about the Plaintiff was confidential. Am. Compl. ¶ 20.

Rumors that Plaintiff had falsely reported the sexual battery began to spread, and Plaintiff accuses the St. John's County Undersheriff of spreading them. Am. Compl. ¶ 28. Plaintiff alleges that after her political opponent's husband made a series of public records requests related to Plaintiff's police report, Am. Compl. ¶¶ 30–31, Plaintiff allegedly learned that the Undersheriff had allowed her opponent's husband to read an unredacted version of the sexual battery investigative report (the "investigative report"), Am. Compl. ¶ 34, but had not yet given him a copy. Am. Compl. ¶ 33.

Plaintiff filed suit in circuit court against the SJSO, seeking an emergency temporary injunction to stop the release of the investigative report (the "SJSO lawsuit"). Am. Compl. ¶ 51. Plaintiff alleges that after a protracted legal conflict regarding the release of these records, Am. Compl. ¶¶ 41–71, her opponent, her opponent's husband, and one of their friends

and supporters, "with outright malice, contacted numerous supporters of Plaintiff and others in the community, and falsely told them that that [sic] Plaintiff had untruthfully reported that she had been sexually battered to the SJSO," Am. Compl. ¶ 76. Plaintiff further alleges that "OWEN and other supporters of [Plaintiff's opponent] disseminated the confidential case number of the SJSO lawsuit, . . . the incident report number of the SJSO sexual battery investigation; and the date that the sexual battery occurred," while "encourag[ing] the public to request a copy of the sexual battery investigation." Am. Compl. ¶ 78.

SDVF later mailed a flyer to voters regarding the judicial election. Am. Compl. ¶ 79. The flyer asserted that Plaintiff's lawsuit against the SJSO made her "anti-police." *Id.* The flyer included the case number of Plaintiff's injunction proceeding against the SJSO, which she alleges was supposed to be confidential. Am. Compl. ¶ 81. Based on these statements in a political flyer, Plaintiff alleges that SDVF's conduct amounts to negligent infliction of emotional distress ("NIED") (Count V), defamation by implication (Count VIII), and civil conspiracy to commit defamation (Count IX).

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." To progress past a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A complaint need not make "detailed factual allegations," *Twombly*, 550 U.S. at 555, but requires more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678.

Claims have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, if a plaintiff makes "allegations [that] are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

The first step in evaluating a motion to dismiss is eliminating allegations "that are merely legal conclusions." *Newbauer v. Carnival Corp.*,

26 F.4th 931, 934–35 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 212, 214 (2022) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). Then, "[t]he second step is to assume the veracity of well-pleaded factual allegations and 'then determine whether they plausibly give rise to an entitlement to relief.'" *Id.*

## SUMMARY OF ARGUMENT

Plaintiff's Amended Complaint as it relates to SDVF should be dismissed with prejudice. First, SDVF is an unincorporated association, and as such is not a proper party to this lawsuit. Although Plaintiff named "John Doe I, and Jane Doe I of [SDVF]" in the case caption, she has not made a single allegation regarding Jane Doe I or John Doe I, or any individual affiliated with SDVF, in the Amended Complaint's Statement of Ultimate Facts. The Amended Complaint asserts three causes of action against SDVF as an organization, but none against Jane Doe I or John Doe I.

Further, Plaintiff's NIED claim fails because she does not allege a physical impact, any well-pled demonstrable physical injuries stemming from SDVF's conduct, or that her situation merits an exception to the impact rule. Moreover, the statement challenged by Plaintiff's defamation by implication claims convey statements of pure opinions, fail to satisfy the

actual malice requirement, and does not create defamatory implications. Finally, Plaintiff's civil conspiracy claim fails because (1) it merely recites of the legal elements of civil conspiracy without additional factual information, and (2) she failed to adequately plead the underlying defamatory conduct. Thus, because Plaintiff fails to adequately plead any allegations against SDVF, this Court should dismiss Counts V, VIII, and IX of her Amended Complaint.

## ARGUMENT

### I.   Stop Domestic Violence Florida is not a proper party.

SDVF, is an unincorporated association, registered with the Florida Division of Elections as a state political committee. Federal Rule of Civil Procedure 17(b) provides that for parties other than individuals and corporations, the capacity to sue or be sued is determined by the law of the state where the court is located. *See Four Way Plant Farm, Inc. v. Nat'l Council on Comp. Ins. (NCCI)*, 894 F. Supp. 1538, 1548 (M.D. Ala. 1995) ("To determine whether an unincorporated association is subject to suit, the court examines the law of the forum state."). Under Florida law, unincorporated associations "must be sued in the names of the individual members rather than in their own name." *Larkin v. Buranosky*, 973 So. 2d 1286, 1287 (Fla. 1st DCA 2008);

*see also NorthStar Moving Holding Co. v. Northstar Movers,* 2020 WL 3303972 at *3 (S.D. Fla. 2020) ("Florida law does not allow unincorporated associations to be sued in their own names; rather, Florida law claims against an unincorporated association may only be brought against the individual members of the unincorporated association."). Because SDVF is an unincorporated association, it is not a proper party to this action.

Plaintiff's reference to "John Doe I and Jane Doe I of [SDVF]" in the case caption fails to cure this defect. *See Einstein v. City of New York*, 556 U.S. 928, 935 (2009) ("A person or entity can be named in the caption of a complaint without necessarily becoming a party to the action."). Notably, the *only* factual allegation related to John Doe I and Jane Doe I is that they "are principles in or owners of [SDVF]." Am. Compl. ¶ 10. There are no factual allegations regarding John Doe I or Jane Doe I supporting Plaintiff's causes of action. And none of the counts are even brought against John Doe I or Jane Doe I—Counts V, VIII, and IX are brought against SDVF. Accordingly, this Court should dismiss Plaintiff's claims against SDVF.

## II.   <u>Count V of the Complaint should be dismissed with prejudice.</u>

Plaintiff's Count V NIED allegations fail to state a claim for which relief can be granted. The elements required to allege a NIED cause of action are:

"(1) the plaintiff must suffer a physical injury; (2) the plaintiff's physical injury must be caused by the psychological trauma; (3) the plaintiff must be involved in some way in the event causing the negligent injury to another; and (4) the plaintiff must have a close personal relationship to the directly injured person." *Thompson v. Spears*, 336 F. Supp. 2d 1224, 1237 (S.D. Fla. 2004), *aff'd on other grounds*, 129 Fed. Appx. 497 (11th Cir. 2005) (citing *Zell v. Meek*, 665 So. 2d 1048 (Fla. 1995)). Plaintiff does not adequately allege a physical injury attributable to SDVF, so this Court should dismiss Count V.

## A. The impact rule bars Plaintiff's NIED claim.

Under Florida law, "the impact rule requires that 'before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact.'" *R.J. v. Humana of Fla., Inc.*, 652 So. 2d 360, 362 (Fla. 1995) (quoting *Reynolds v. State Farm Mut. Auto. Ins. Co.*, 611 So.2d 1294, 1296 (Fla. 4th DCA 1992), *review denied*, 623 So. 2d 494 (Fla. 1993)). Because Plaintiff fails to sufficiently allege either that she suffered a physical harm attributable to SDVF, or else that her claims fall into an exception to the impact rule, this Court should dismiss Count V.

### 1. *Plaintiff does not allege a physical injury sustained in an impact.*

"Florida's version of the impact rule has . . . a 'hybrid' nature, requiring either impact upon one's person or, in certain situations, at a minimum the manifestation of emotional distress in the form of a discernible physical injury or illness." *Gracey v. Eaker*, 837 So. 2d 348, 355 (Fla. 2002). Plaintiff does not allege facts to support either formulation.

Plaintiff does not allege an actual impact. Florida law is clear that "[t]he essence of impact . . . is that [an] outside force or substance, no matter how large or small, visible or invisible, and no matter that the effects are not immediately deleterious, touch or enter into the plaintiff's body." *Willis v. Gami Golden Glades, LLC*, 967 So. 2d 846, 850 (Fla. 2007) (quoting *Eagle–Picher Indus., Inc. v. Cox*, 481 So. 2d 517 (Fla. 3d DCA 1985), *quoted with approval in Zell* 665 So. 2d at 1050 n.1). Despite Plaintiff's cursory reference to "bodily injury," Am. Compl. ¶ 115, and her allegation that she "suffered a physical impact and/or injury," Am. Compl. ¶ 114, she does not allege any facts to support these conclusory statements. Therefore, these unsupported allegations are insufficient to satisfy the impact rule. *See Greer v. Ivey*, No. 615CV677ORL41GJK, 2015 WL 13740686, at *14 (M.D. Fla. Dec. 16, 2015)

(finding that the plaintiffs' allegations that they "suffered psychological trauma causing bodily injury . . . and suffered physical handicap, disfigurement, [and] mental anguish," which were unsupported by any factual allegations, were "entirely conclusory" and "not entitled to the truth presumption").

Instead, Plaintiff describes her injuries as "psychological trauma in the form of severe anxiety, depression, and/or stress," Am. Compl. ¶ 114, as well as "frequent and ongoing vomiting, severe trembling throughout her body, and a hyperactive nervous system causing a crawling sensation throughout her body," Am. Compl. ¶ 85. Plaintiff says that she has been damaged through "emotional distress, mental pain and suffering, inconvenience, bodily injury, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses including attorneys' fees, and other benefits," Am. Compl. ¶ 115. But the impact rule exists to prevent recovery for these types of psychological injuries, as "allowing recovery for injuries resulting from purely emotional distress would open the floodgates for fictitious or speculative claims." *R.J.*, 652 So. 2d at 362.

When NIED allegations are based on psychological trauma, the impact rule requires that the trauma "must cause a demonstrable physical injury

such as death, paralysis, muscular impairment, or similar objectively discernible physical impairment before a cause of action may exist." *Langbehn v. Pub. Health Tr. of Miami-Dade Cnty.*, 661 F. Supp. 2d 1326, 1341 (S.D. Fla. 2009) (quoting *Brown v. Cadillac Motor Car Div.*, 468 So. 2d 903, 904 (Fla. 1985)). The mentally-created physical injuries Plaintiff alleges here, without sufficient supporting factual allegations, are conclusory and are not the severe type of physical impairment the law requires. *Id.* Thus, the impact rule remains "a bar to psychic injuries resulting from such [psychological] trauma." *Zell*, 665 So. 2d at 1052. Here, Plaintiff alleges no demonstrable physical injuries stemming from SDVF's actions.

### 2. *Plaintiff's claim does not meet an exception to the impact rule.*

Plaintiff's Complaint does not allege that she meets any of the "very narrow exceptions," *Willis*, 967 So. 2d at 854, to the impact rule. Those few exceptions exist only in "cases in which the foreseeability and gravity of the emotional injury involved, and lack of countervailing policy concerns, have surmounted the policy rationale undergirding application of the impact rule." *Rowell v. Holt*, 850 So. 2d 474, 478 (Fla. 2003). Examples of such grave circumstances include cases involving the mishandling of a loved one's dead

body, *see, e.g.*, *Gonzalez v. Metro. Dade Cnty. Pub. Health Tr.*, 651 So. 2d 673, 675 (Fla. 1995), violation of statutory laws protecting confidential psychotherapy patient records, *see Gracey*, 837 So. 2d at 357–58, birth issues due to negligent medical advice or care, *see, e.g.*, *Kush v. Lloyd*, 616 So. 2d 415, 422 (Fla. 1992); *Tanner v. Hartog*, 696 So. 2d 705, 708 (Fla. 1997), and wrongful pretrial confinement of a defendant where his public defenders failed to provide the court with exculpatory information, *Rowell*, 850 So. 2d at 480–81.

Plaintiff alleges no facts indicating that her claims against SDVF qualify for such a narrow exception. Accordingly, her NIED claim should be dismissed.

III.   **Count VIII of the Complaint should be dismissed with prejudice.**

Plaintiff fails to sufficiently allege enough factual information to support her defamation by implication claim in Count VIII. Plaintiff alleges that SDVF mailed a flyer stating that Plaintiff was "anti-police" because she had "sued the [SJSO]." Am. Compl. ¶ 79. Plaintiff contends that this statement created defamatory implications that Plaintiff is "'anti police' and was in litigation with the sheriff's office to try to hide something she had done or otherwise harm the sheriff's office, as opposed to enforcing her own rights as a victim," Am. Compl. ¶ 136, and that Plaintiff is "untruthful and

has even committed a crime by filing a false report with law enforcement," Am. Compl. ¶137.[2] Relatedly, Plaintiff asserts that "because the flyer was sent out by an organization with the name 'Stop Domestic Violence Florida,' there was an outright assertion and also an implication that Plaintiff had filed a false sexual battery report with the SJSO," Am. Compl. ¶ 80, and this "undermined true domestic violence victims," *Id.*

Under Florida law, defamation has five elements: "(1) publication; (2) falsity; (3) the statement was made with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement must be defamatory." *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018) (citing *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008)). "[A] defamatory statement is one that tends to harm the reputation of another by lowering him or her in the estimation of the community or, more broadly stated, one that exposes a plaintiff to hatred, ridicule, or contempt

---

[2] Although Plaintiff's allegations are unclear as to which specific statements created the defamatory implication that Plaintiff is "untruthful and has even committed a crime by filing a false report with law enforcement," *see* Am. Compl. ¶ 137, Plaintiff does not allege that SDVF made *any* statements regarding the truthfulness or accuracy of Plaintiff's reported sexual battery, *see* Am. Compl. ¶¶ 79–81. Instead, the only statements alleged to have been made by SDVF relate exclusively to the SJSO lawsuit. *Id.*

or injures his business or reputation or occupation." *Jews For Jesus, Inc.*, 997 So. 2d at 1108–09.

Defamation by implication is a "species of defamation that is subsumed within the tort of defamation." *Id.* at 1108. Defamation by implication occurs "'if the defendant juxtaposes a series of facts so as to imply a defamatory connection between them, or creates a defamatory implication by omitting facts, . . . unless it qualifies as an opinion, even though the particular facts are correct.'" *Id.* (quoting W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 116, at 117 (5th ed. Supp. 1988)).

Here, SDVF's statement that Plaintiff is "anti police" falls short of the legal threshold for defamation by implication because it (1) conveys pure opinion, (2) fails to satisfy the actual malice requirement, and (3) does not create defamatory implications. Because Plaintiff fails to plead any factual content that would allow the Court to conclude that SDVF's statement satisfies the elements of defamation by implication, this Court should dismiss Count VIII.

### A. SDVF's statement that Plaintiff is "anti-police" for suing the SJSO is a protected opinion.

First, as the Florida Supreme Court in *Jews For Jesus* makes clear, statements of *opinion* cannot form the basis for a defamation by implication claim. 997 So. 2d at 1108. Federal courts in Florida have also recognized that such statements of "pure opinion" are protected under the First Amendment. *Bongino v. Daily Beast Co., LLC*, 477 F. Supp. 3d 1310, 1317–20 (S.D. Fla. 2020). A statement constitutes "pure opinion" under Florida law "when the defendant makes a comment or opinion based on facts which are set forth in the publication or which are otherwise known or available to the reader or listener as a member of the public." *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018) (citations omitted).

Plaintiff's bare assertion that "[t]he implications drawn from the challenged statements convey the assertions of objective facts and not opinions," Am. Compl. ¶ 139, is conclusory, and this Court does not need to assume its truth. *See Chaparro*, 693 F.3d at 1337. Here, SDVF's statement that Plaintiff was "anti-police" for suing the SJSO satisfies the standard for "pure opinion" described in *Turner*. Plaintiff herself alleges that, before the flyer was mailed, other individuals had publicly disseminated the fact that she had brought a lawsuit against the SJSO, as well as the case number. Am. Compl. ¶ 78. Thus, based on the allegations in the Amended Complaint,

16

SDVF's characterization of Plaintiff as "anti-police" based on Plaintiff's state public records lawsuit is an expression of opinion on information that had been publicly distributed, and constitutes "pure opinion."

### B. SDVF did not make its statement that Plaintiff is "anti-police" for suing the SJSO with actual malice.

Second, because defamation by implication is "subsumed within the tort of defamation," *Jews for Jesus*, 997 So. 2d at 1108, an allegedly defamatory implication necessarily must be made with "knowledge or reckless disregard as to the falsity on a matter concerning a public official," *Turner*, 879 F.3d at 1262; *see also Klayman v. City Pages*, 650 F. App'x 744, 749 (11th Cir. 2016) (quoting *Jews for Jesus*, 997 So. 2d at 1108) ("Defamation of a public figure by implication also requires proof of actual malice because it 'is subsumed within the tort of defamation . . . [so] all of the protections of defamation law . . . [are] extended to the tort of defamation by implication.' ").

Plaintiff, as a judicial candidate, was a public figure subject to this actual malice requirement. *Moore v. Cecil*, 488 F. Supp. 3d 1144, 1161 (N.D. Ala. 2020) (citing *Monitor Patriot Co. v. Roy*, 401 U.S. 265 (1971)); *see also Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 663–93 (1989) (applying

the actual malice requirement to statements made about a candidate for judicial office); *Nodar v. Galbreath*, 462 So. 2d 803, 808 (Fla. 1984) (reasoning that "one who seeks or accepts an elected or policymaking position with a public body or government institution" is subject to a more significant "surrender of the right to vindicate defamation."). Yet Plaintiff pleads no facts that plausibly lead to an inference that SDVF knowingly or recklessly omitted contextual information regarding Plaintiff's lawsuit against the SJSO.

Plaintiff *never* alleges that SDVF knew the underlying facts of her lawsuit against the SJSO. In fact, not one of the 87 paragraphs that Plaintiff realleges and incorporates into Count VIII even so much as *mentions* how SDVF would or should have known that Plaintiff "had filed for the injunction to stop the SJSO from releasing the very personal sexual battery investigation report." *See* Am. Compl. ¶ 79. Instead, the Amended Complaint merely makes a conclusory allegation that SDVF "knowingly and willingly published or caused to be published, or recklessly or negligently published, statements about Plaintiff that are not true or substantially true, and which could reasonably be construed as defamatory." Am. Compl.

¶ 135. Such "[t]hreadbare recitals of the elements of a cause of action" fall far short of adequate pleading standards. *See Twombly*, 550 U.S. at 555.

While Plaintiff alleges that persons other than SDVF spread information about her case to the public, *see* Am. Compl. ¶ 78, her only allegation specific to SDVF is that its flyer "contained the name and case number of the injunction proceeding, which, pursuant to the court's order, was confidential," Am. Compl. ¶ 81. All Plaintiff has alleged is that SDVF knew that an injunction proceeding existed. *See id.* Plaintiff never alleges that SDVF was able to access, much less know, the contents of the injunction proceeding. So, without more, Plaintiff's allegations fail to establish that SDVF either knowingly or recklessly omitted additional contextual information.

Moreover, the additional contextual information Plaintiff alleges SDVF omitted, namely that she was suing the SJSO to "enforce[e] her own rights as a victim," Am. Compl. ¶ 136, is a subjective statement of Plaintiff's private motivations for filing her lawsuit. It is not a fact that SDVF could knowingly or recklessly omit. But even if Plaintiff's suggested context were factual, SDVF is also not required "to have included facts . . . that would have painted [Plaintiff] in a more positive light because the facts they did

include were truthfully and accurately reported, and the omitted facts did not create a defamatory implication." *Turner*, 879 F. Supp. 3d at 1370 (relying on *Janklow v. Newsweek, Inc.*, 759 F.2d 644 (8th Cir. 1985), *aff'd on reh'g en banc*, 788 F.2d 1300 (8th Cir. 1986) (en banc), which held that "an article about a fourteen-year-old rape allegation against the plaintiff (the governor of South Dakota) was not actionable. . . . [even though it did not include information that the plaintiff] had passed a lie detector test and that federal authorities had called the rape allegations unfounded."). Therefore, Plaintiff has failed to allege facts demonstrating actual malice.

### C. Plaintiff does not adequately plead that SDVF's statement that is "anti-police" for suing the SJSO created defamatory implications.

Plaintiff alleges no facts tending to show that SDVF's statement created defamatory implications. To be defamatory, a statement must "lower[] [a plaintiff] in the estimation of the community or . . . expose[] a plaintiff to hatred, ridicule, or contempt or injure[] his business or reputation or occupation." *Jews For Jesus, Inc.*, 997 So. 2d at 1108–09.

Plaintiff alleges no facts tending to show that the challenged statement created defamatory implications. Plaintiff offers mere threadbare recitations of the legal elements of defamation. *See* Am. Compl. ¶ 141 (claiming that the

statements "have falsely associated and continue to falsely associate Plaintiff with behavior viewed as abhorrent in any community)"; Am. Compl. ¶ 142 (alleging that the statements "subjected Plaintiff to public contempt, ridicule, and disgrace)"; *see also id.* (alleging that the statements "have injured Plaintiff in her personal reputation and have spilled over into her profession and in her desired profession by causing her to lose business relationships and business opportunities, and is expected to cause her to lose business relationships and business opportunities in the future"). But these conclusory allegations do not plead defamation with particular or sufficient facts to state a claim for relief. Because Plaintiff merely recites these elements without additional factual allegations in support, *see* Am. Compl. ¶ 141–6,43this Court should dismiss Count VIII.

## IV.   <u>Count IX of the Complaint should be dismissed with prejudice</u>.

To establish a claim for civil conspiracy, a Plaintiff must plead "'(a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in furtherance of the conspiracy, and (d) damage to plaintiff as a result of the acts performed pursuant to the conspiracy.'" Harris *v. Jayo (In re Harris)*, 3 F.4th 1339, 1350 (11th Cir. 2021) (quoting *Walters v. Blankenship*, 931 So. 2d 137, 140

(Fla. 5th DCA 2006)). Here, Plaintiff fails to plead particularized facts alleging an unlawful act, let alone a conspiracy between SDVF and other parties to commit one.

### A. Plaintiff does not allege particularized facts supporting an inference that SDVF engaged in a civil conspiracy to commit defamation.

Plaintiff's allegations regarding a conspiracy are vague and conclusory—the allegations are a mere recitation of the legal elements without any supporting factual allegations. Instead of alleging facts, for instance, about SDVF when or how entered into an agreement to defame Plaintiff, Plaintiff merely alleges that SDVF "coordinated with J. Woolsey, C. Woolsey, and Owen," Am. Compl. ¶ 79, and that these defendants "acted in concert," Am. Compl. ¶ 145, that they "formed an agreement between them to inflict a wrong against or injury upon Plaintiff," Am. Compl. ¶ 146, and that "[t]wo or more of these individually named Defendants agreed or conspired, expressly or by implication," Am. Compl. ¶ 148.

These assertions merely reallege, in various iterations, the first element of civil conspiracy. Sister courts have found similar allegations unpersuasive. For example, in *Corsi v. Newsmax Media, Inc.*, the U.S. District Court for the Southern District of Florida granted a defendant's motion to

dismiss a civil conspiracy to commit defamation claim, noting that "the allegations in the Complaint [did] not plead a facially plausible conspiracy . . . [because the Plaintiff] allege[d] no facts about any conversation(s), meeting(s), or agreement(s) [between the alleged co-conspirators] . . .." 519 F. Supp. 3d 1110, 1120 n.6 (S.D. Fla. 2021). Similarly, Plaintiff fails to allege any facts about conversations, meetings, or agreements that would indicate a conspiracy. Rather, she simply states that a conspiracy existed with no underlying allegation suggesting that SDVF ever even communicated with another defendant regarding Plaintiff. Thus, the civil conspiracy allegations of Count IX are insufficient to satisfy the pleading standards of Rule 8(a)(2).

> **B. Because Plaintiff fails to make sufficient factual allegations for her underlying defamation claim, her civil conspiracy claim necessarily fails.**

Under Florida law, "[t]o support a cause of action for conspiracy to defame, it is therefore incumbent upon a plaintiff to properly allege those elements which would establish a defamation . . .." *Buckner v. Lower Fla. Keys Hosp. Dist.*, 403 So. 2d 1025, 1027 (Fla. 3d DCA 1981). Recently, in *Trump Media & Tech. Grp. Corp. v. WP Co.* LLC, the U.S. District Court for the Middle District of Florida granted a motion to dismiss, agreeing with the defendants

that when "the complaint fails to state a claim for the underlying tort of defamation, it necessarily fails to state a claim for conspiracy to commit that tort." No. 8:23-CV-1535-TPB-AAS, 2024 WL 1013188, at *9 (M.D. Fla. Mar. 8, 2024); *see also Corsi*, 519 F. Supp. 3d at 1120 n.6 (noting that "[a] conspiracy to defame claim cannot stand where, as here, the defamation action fails.").

Likewise, because Plaintiff's defamation by implication claim fails for the reasons set forth above, her civil conspiracy claim necessarily fails. Accordingly, this Court should dismiss Count IX of the Complaint with prejudice.

## CONCLUSION

For the foregoing reasons, Stop Domestic Violence Florida requests this Court to dismiss Counts V, VIII, and IX of the Complaint as to SDVF.

Respectfully submitted this 29th day of June, 2024.

*/s/ Benjamin J. Gibson*
Benjamin J. Gibson (FBN 58661)
Denise M. Harle (FBN 81977)
Kassandra S. Reardon (FBN 1033220)
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Ste. 804
Tallahassee, Florida 32301
(850) 241-1717
*BGibson@shutts.com*
*DHarle@shutts.com*
*KReardon@shutts.com*

*SMartin@shutts.com*

*Counsel for Stop Domestic Violence Florida*

## LOCAL RULE 3.01(G) CERTIFICATION

The undersigned certifies that counsel for Stop Domestic Violence Florida conferred with counsel for the Plaintiff via telephone on June 29, 2024 regarding this Motion. The Parties were unable to agree on the resolution of this Motion at this time, and therefore, Plaintiff opposes this Motion. The Parties have agreed to continue to work in good faith to resolve the issues raised in this Motion.

*/s/ Benjamin J. Gibson*
Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2024, a copy of the foregoing was filed through CM/ECF, with electronic service on counsel for all parties of record.

*/s/ Benjamin J. Gibson*
Attorney