**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JANE DOE,

Plaintiff,

v.

Case Number: 3:24-cv-00489-BJD-MCR

ROBERT A. HARDWICK, in his official capacity as SHERIFF OF ST. JOHNS COUNTY; MATTHEW CLINE, in his individual capacity; JOSHUA WOOLSEY; WOOLSEY LAW PLLC, with a fictitious name of WOOLSEY MORCOM PLLC; CASEY WOOLSEY; WILLIAM LEE OWEN, III; and STOP DOMESTIC VIOLENCE FLORIDA, a Political Committee.

Defendants.
_______________________________/

**DEFENDANT WOOLSEY LAW, PLLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

Defendant, Woolsey Law PLLC, pursuant to Local Rule 3.01(b), submits this Response in Opposition to Plaintiff's Motion to Proceed Anonymously. [Dkt.49]

As with its earlier joinder [Dkt.34], Woolsey Law believes that Defendants Sheriff Hardwick and Matthew Cline ably demonstrate that the Plaintiff has failed to establish that this "is the *exceptional* case" in which a plaintiff may proceed anonymously. *Doe v. Frank*, 951 F. 2d 320, 323 (11th Cir. 1992) (emphasis added). Accordingly, Woolsey Law adopts all arguments

cited within Sheriff Hardwick and Matthew Cline's Response in Opposition to Plaintiff's Motion to Proceed Anonymously. [Dkt.55]. Woolsey Law submits this separate response to further confirm that the Plaintiff's claimed privacy rights do not outweigh the public interests served by disclosure.

**Plaintiff's Alleged Privacy Interests**

The Plaintiff asserts that the circumstances are "deeply personal" as this case involves allegations that the Plaintiff was a victim of a sexual battery.[1] [Dkt.49, p. 4]. However, this is not a case in which the Plaintiff seeks to prevent the disclosure of such information or seeks a remedy without being forced to make such a disclosure. To the contrary, the entire premise of this action is that the Plaintiff's deeply personal information has already been disclosed to the public and, even before the events giving rise to her lawsuit, was known "throughout the legal community in which [the Plaintiff] works".[2] [Dkt.50, ¶¶ 28, 73, 76].

In such "cat out of the bag" cases, no purpose is served by permitting a plaintiff to proceed by pseudonym. *See, Doe v. F.B.I.,* 218 F.R.D. 256 (D. Colo. 2003) (anonymity inappropriate and futile where plaintiff seeks compensation

[1] While it is not an issue the Court needs to address to resolve the instant motion, Woolsey Law notes that the veracity of the Plaintiff's sexual assault claim is disputed and properly at issue with respect to her defamation based claims. [Dkt.43, pp. 20-21].

[2] The personal information is also the subject of state court litigation in which the plaintiff is named and was the subject of prior, non-confidential Florida Bar complaints filed by the plaintiff in her own name.

for a disclosure that has already happened); *Raiser v. Church of Jesus Christ of Latter-Day Saints,* 182 F. App'x 810, 812 n.2 (10th Cir. 2006) (affirming denial of anonymity where plaintiff seeks monetary compensation for prior disclosure); *Patton v. Entercom Kansas City, LLC*, No. 13-2186, 2013 WL 3524157 (D. Kan. July 11, 2013) (denying request for anonymity in case arising from allegation that the plaintiff had been identified in radio broadcast as a porn star because "she is not suing to prevent disclosures from being made . . . she is suing for compensation for disclosures that have been made"). To hold otherwise would make anonymity the rule in defamation cases rather than an exceedingly rare exception.

**The Public Interest**

As the Eleventh Circuit has noted, Rule 10(a)'s requirement to "include the names of all parties" reflects a "constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F. 2d at 323. This presumption "protects the public's legitimate interest in knowing all the facts involved, including the identities of the parties". *Id.* at 322. While that public interest may be generally applicable, the instant case presents a matter of specific public concern.

The Plaintiff alleges that the defendants, public and private actors, undertook the acts she complains of in order to undermine the Plaintiff's campaign for public office. As such, the public's interest in this litigation is

manifest. *See, e.g., Concerned Citizens for Judicial Fairness, Inc. v. Yacucci*, 162 So. 3d 68, (Fla. 2014) ("the first amendment has its fullest and most urgent application to speech uttered during a campaign for political office"). The public has a right to know who is making these allegations, a right to evaluate her credibility, and a right to know if she has advanced (and lost) other similar claims.

Yet, to avoid such scrutiny, the Plaintiff hurls her accusations of wrongdoing against public and private individuals while wrapping herself in a cloak of anonymity. The Federal Courts have recognized the fundamental unfairness inherent in such behavior. *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) described the problem thusly in the context of plaintiffs who wished to anonymously advance claims of sexual harassment:

> [T]he mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm. Defendant law firms stand publicly accused of serious violations of federal law. Basic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names.

*See also, Luo v. Wang*, 71 F. 4th 1289 (10th Cir. 2023) (approving district court's conclusion that defendant should not have to defend himself publicly while the plaintiff remains anonymous and collecting similar cases). In

summary, the allegations in this case do not merit anonymity. If the Plaintiff wishes to accuse a private law firm, private individuals, an elected constitutional officer, and a sitting member of the judiciary of engaging in outrageous conduct to influence a public election, she absolutely must do so under her name.

For these reasons, the Defendant, Woolsey Law PLLC, respectfully requests the entry of an Order denying the Plaintiff's Motion to Proceed Anonymously, together with such further relief as is just and proper.

Dated: July 29, 2024.

**BURR & FORMAN LLP**

By: *___/s/ M. Scott Thomas*
**M. SCOTT THOMAS**
Florida Bar No.: 0994898
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
Telephone: (904) 232-7200
Facsimile: (904) 232-7201
**Primary and Secondary E-mail Addresses:**
msthomas@burr.com
jmlewis@burr.com

and

CAMERON S. FRYE (Lead Counsel)
Florida Bar No.: 105142
Bart R. Valdes, Esq.
Florida Bar No: 323380
de Beaubien, Simmons, Knight, Mantzaris & Neal, LLP
609 West Horatio Street
Tampa, Florida 33606

Telephone: (813) 251-5825
Facsimile: (813) 254-1063
**Primary and Secondary E-mail Addresses:**
cfrye@dsklawgroup.com
bvaldes@dsklawgroup.com
candrade@dsklawgroup.com

***ATTORNEYS FOR DEFENDANTS WOOLSEY LAW PLLC with a fictitious name of WOOLSEY MORCOM PLLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of July, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send an electronic service copy to:

Marie A. Mattox, Esq.
Marie A. Mattox, P.A.
203 North Gasden Street
Tallahassee, FL 32301
marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com

Cynthia Ann Myers, Esq.
Cynthia A. Myers, P.A.
P.O. Box 15011
Tallahassee, FL 32308
cindy@cindymyerslaw.com
shannon@mattoxlaw.com

*Attorneys for Plaintiff*

Bruce Trybus, Esq.
Cooney Trybus Law
1600 West Commercial Boulevard, Suite 200
Fort Lauderdale, FL 33309
reception@cooenytrybus.com
yhall@cooneytrybus.com

*Attorney for Joshua Woolsey and Casey Woolsey*

Katherine E. McKinley, Esq.
Luks, Santaniello, Petrillo, Cohen & Peterfriend
201 S. Orange Avenue, Suite 400
Orlando, FL 32801
LUKSOrl-Pleadings@ls-law.com

Gwendolyn P. Adkins, Esq.
Coppins Monroe, PA
2316 Killearn Center Blvd., Suite 202
Tallahassee, FL 32309
gadkins@coppinsmonroe.com

kmckimley@insurancedefense.com
sgray@insurancedefense.com

James C. Rinaman, Esq.
Dutton Law Group, PA
1054 Kings Avenue
Jacksonville, FL 32207
service.JCR@duttonlawgroup.com

*Attorneys for WJ Lee Owen*

Kassandra S. Reardon, Esq.
Benjamin J. Gibson, Esq.
Denise M. Harle, Esq.
Shutts & Bowen LLP
215 S. Monroe Street, Suite 804
Tallahassee, FL 32301
KReardon@shutts.com

*Attorney for Stop Domestic Violence Florida*

bmiller@coppinsmonroe.com
cmarchena@coppinsmonroe.com

*Attorney for Robert A. Hardwick, in his official capacity as Sheriff of St. Johns County, and Matthew Cline*

*/s/ M. Scott Thomas*
Attorney



54677941 v1