UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JANE DOE,

      Plaintiff,

v.                           CASE NO. 3:24-cv-00489-BJD-MCR

ROBERT A. HARDWICK, et al.,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Motion to Compel

Plaintiff to Proceed in Her Own Name ("Motion") (Doc. 31) and Plaintiff's

Response in Opposition ("Response") (Doc. 49.).  Upon consideration, this

Court finds that Defendants' Motion is due to be **GRANTED.**

## I.  Introduction

On June 26, 2024, Defendants Sheriff Robert Hardwick and Matthew

Cline (collectively, "Defendants") filed the present Motion, seeking Plaintiff

Jane Doe ("Plaintiff") to "disclose her true identity in all pleadings" and

"proceed in her own name."  (Doc. 31 at 1.)  In support, Defendants rely on

Federal Rule of Civil Procedure 10(a), which requires "the title of the

complaint to name all parties."  (*Id.*)  Defendants acknowledge the limited

circumstances in which a party may proceed anonymously; however,

Defendants contend that "Plaintiff has neither sought, demonstrated her right, nor obtained permission, to proceed anonymously." (*Id.* at 2.)  In response, Plaintiff argues that "the circumstances here justify using a pseudonym to protect Doe's privacy and personal safety," and move this Court to proceed as "Jane Doe." (Doc. 49 at 1.)

## II.   Standard

Federal Rule of Civil Procedure 10(a) provides that:

Names of Parties. Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

Fed. R. Civ. Pro. 10(a).  According to the Eleventh Circuit, "[t]his rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). However, this rule is not absolute. *See Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011).  A party may proceed anonymously by establishing "a substantial privacy right which outweighs the 'customary and constitutionally embedded presumption of openness in judicial proceedings.'" *Frank*, 951 F.2d at 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).  Such is assessed according to several factors.  *Id.*

The factors the Court considers in determining whether a party has a

substantial privacy right that outweighs the presumption of openness in judicial proceedings are (1) whether the plaintiff is challenging government activity; (2) whether the plaintiff in disclosing her identity would be required to disclose information of the utmost intimacy; and (3) whether plaintiff in disclosing her identity would be compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. *See Francis*, 631 F.3d at 1317; *Stegall*, 653 F.2d at 185.  Courts have also considered additional factors, such as whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant.  *Stegall*, 653 F.2d at 186; *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979). The Eleventh Circuit has explained that these factors are neither exhaustive nor dispositive, stressing that the determination ultimately involves consideration of "all the circumstances of a given case[.]" *Francis*, 631 F.3d at 1316 (quoting *Frank*, 951 F.2d at 323); *see In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. July 16, 2020) ("[W]hether a party's right to privacy overcomes the presumption of judicial openness is a totality-of-the-circumstances question.")

Importantly, while embarrassment alone does not justify proceeding anonymously, a showing of "social stigma" may be "sufficient to warrant

proceeding anonymously." *Doe v. Neverson*, 820 F. App'x 984, 988 (11th Cir. 2020) (citing *Frank*, 951 F.2d at 324). The Eleventh Circuit explained that, "'[c]ourts have permitted plaintiffs to proceed anonymously in cases involving mental illness, homosexuality, and transsexuality' because 'the social stigma attached to the plaintiff's disclosure was found to be enough to overcome the presumption of openness in court proceedings.'" *Id.* (citing *Frank*, 951 F.2d at 324); *see also Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 686-87 (11th Cir. 2001) (reversing an order denying a motion to proceed anonymously in a case involving abortion in part because of the highly sensitive and personal nature of the procedure); *Stegall*, 653 F.2d at 186 (explaining that by challenging government activity, the plaintiffs revealed their personal beliefs and practices and holding that religion is a "quintessentially private matter.").

## III.   Analysis

In support of her position to proceed anonymously, Plaintiff argues that this case (1) involves sensitive and highly personal matters; (2) poses a significant risk of retaliation and harm; (3) contains privacy interests that outweigh the public's interest in open judicial proceedings, (4) allows the public to ascertain who the case is about without needing to associate Plaintiff's name with the proceeding, and (5) deserves discretion considering Florida State's strong interest in protecting sex crime victims.  (Doc. 49.)

As an initial matter, Plaintiff argues that "Defendants have no legitimate interest in not permitting Plaintiff to proceed anonymously. Not permitting Plaintiff to proceed with a pseudonym would only hurt her further without good reason." (Doc. 49 at 4.)  However, Plaintiff misplaces the burden here, as it is not on Defendants to articulate why Plaintiff may *not* proceed anonymously; instead, it is Plaintiff's responsibility to persuade this Court that she *may* "by showing that [s]he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Predator Catchers, Inc.*, 343 F.R.D. 633, 636 (M.D. Fla. 2023) (citing *Francis*, 631 F.3d at 1315-16).  Upon balancing the factors employed by the Eleventh Circuit and considering the context of the case, this Court finds that Plaintiff has not met her burden.

 a. <u>Inapplicable Factors</u>

At the outset, in light of the arguments made, or abandoned, by Plaintiff, this Court will not assess the following factors:  whether the case involves a challenge to government or private activity;[1] whether the party will be compelled to admit their intention to engage in illegal conduct and

---

[1] In its Motion, Defendants mention Sheriff Hardwick's status as a governmental entity but contend that, because the action does not contemplate the "constitutional, statutory or regulatory validity of government activity," his governmental characterization is irrelevant.  (Doc. 31 at n. 2.)  This Court agrees and, considering Plaintiff's exclusion of the issue entirely, does not further assess this factor.

thus risk criminal prosecution; and whether the party is a minor.  Plaintiff

neither addresses these factors nor argues that any weigh in her favor.

Accordingly, this Court will only focus on the remaining three factors.

      b.  <u>Applicable Factors</u>

The remaining factors are whether the party will be required to

disclose information of the utmost intimacy; whether the party would be

threatened by violence or physical harm if they proceeded in their real name;

and, whether proceeding anonymously would pose a unique threat of

fundamental unfairness to the defendant.  Each are examined in turn.

      i.  *Whether the party will be required to disclose information of the utmost intimacy.*

This Court understands that Plaintiff's "claims arise from

circumstances that are deeply personal and involve allegations of a sexual

nature." (Doc. 49 at 2.) However, Plaintiff fails to convince the Court that this

factor weighs in her favor.  In fact, the two cases cited by Plaintiff, arguing

that "such sensitive issues justify anonymity to [prevent] further trauma and

public scrutiny," are materially distinct from the case at bar.  (*Id.* at 4.)

First, in relying on *Neverson*, Plaintiff states that the Eleventh Circuit

permitted the plaintiff to proceed anonymously due to the "social stigma and

potential for harm."  (Doc. 49 at 4 (citing *Neverson*, 820 Fed. Appx. at 988).)

This statement is true, however, Plaintiff's reliance is misplaced, as the

plaintiff in *Neverson* supported her claim for anonymity with a declaration stating that her "strict Muslim household" and associated "cultural beliefs and traditions[,]" such a sexual assault would have the tendency to bring shame and humiliation upon [her] family." *Neverson*, 820 Fed. Appx. at 988. Presently, Plaintiff does not disclose comparable concerns. Instead, Plaintiff generally references the "deeply personal" circumstances, "allegations of a sexual nature," and desire to "avoid public scrutiny" stemming from this case. (Doc. 49 at 4.) This Court does not discredit those concerns; however, the law does not land in Plaintiff's favor given the facts presented in this case.

Second and similarly, in relying on *Predator Catchers, Inc.*, Plaintiff states that this Court allowed anonymity "due to the highly intimate nature of the allegations involving personal and sexual matters." (Doc. 49 at 4 (citing *Predator Catchers, Inc.*, 343 F.R.D. at 637).) However, in *Predator Catchers, Inc.*, the highly intimate information at issue was the allegation that plaintiff acted on "a sexual interest in minors, which is patently illegal conduct." *Predator Catchers, Inc.*, 343 F.R.D. at 637. As such, the social stigma—ultimately convincing this Court to allow anonymity—was "sexual conduct with a minor." *Id.* Here, however, Plaintiff does not explain how a comparable stigma is present in this case. Again, this Court recognizes Plaintiff's personal concerns and preference to proceed anonymously; however, it is not convinced that her position comports with the law.

Consequently, absent the religious and cultural concerns in *Neverson*, absent the stigma and allegations exhibited in *Predator Catchers, Inc.*, and without an otherwise persuasive position as to why this case presents *more* than personal embarrassment,[2] this factor weighs against anonymity.

  ii. *Whether the party would be threatened by violence or physical harm if they proceeded in their real name.*

Plaintiff contends that she "has already faced threats and harassment related to the underlying events," adding that "the disclosure of her identity could exacerbate these threats" and cause "irreparable harm to her safety and well-being." (Doc. 49 at 5.) Plaintiff relies on *Stegall* in asserting that courts "recognize the importance of protecting plaintiffs from retaliation." (*Id.* (citing *Stegall*, 653 F.2d at 186).) However, unlike *Stegall*, Plaintiff does not provide specificity or exhibits confirming such. *See Stegall*, 653 F.2d at 186 ("Evidence on the record indicates that [Plaintiffs] may expect extensive harassment and perhaps even violent reprisals if their identities are disclosed…"). Similarly, the plaintiff in *Predator Catchers, Inc.* "submitted particularized evidence, specifically evidence of threats directed toward him, that establish a likelihood he would be threatened by violence or physical harm if he proceeded in his real name." *Predator Catchers, Inc.*, 343 F.R.D. at

---

2 "Courts have often denied protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identify may cause . . . personal embarrassment." *Francis*, 631 F.3d at 1316 (citing *Frank*, 951 F.2d at 324).

637.  Likewise, the plaintiff in *Neverson* "submitted an example of a website post about this lawsuit and eight threatening or harassing comments made by [that defendant's] fans."  *Neverson*, 820 Fed. Appx. at 988.

Here, however, no evidence corroborates Plaintiff's anticipated physical harm or violence if she proceeded in her real name.  *See In re: Chiquita Brands Intl., Inc.*, 965 F.3d 1238 (11th Cir. 2020) (finding that "lacking specific evidence" and citing to only "general evidence" of potential risks does not "compel the conclusion" that the particular plaintiff faces those risks).  Consequently, this second factor weighs against anonymity.

iii.  *Whether proceeding anonymously would pose a unique threat of fundamental unfairness to Defendant.*

Plaintiff does not address this factor in her Response, but Defendants do.  (Doc. 31 at 8.)  According to their Motion:

> Defendants include a public official who must run for re-election, individuals in law enforcement and legal communities, a law firm, and a political committee, accused *inter alia* of statutory, civil rights, and constitutional violations, of conspiracy, and of defamation.

(*Id.*)  As such, Defendants contend that "basic fairness" compels their accuser to use her real name.  (*Id.*)  Otherwise, "Plaintiff [may] shield herself from any possible personal embarrassment while allowing her to publicly accuse the defendants of improprieties."  (*Id.*)  Importantly, however, Defendants know the identity of Plaintiff and, thus, are not burdened during discovery or prejudiced in formulating a defense.  *See Predator Catchers, Inc.*,

9

343 F.R.D. at 638 ("Permitting plaintiff to proceed anonymously. . . would not meaningfully hinder the formulation of a defense. While plaintiff's name is not publicly known, defendants are aware of plaintiff's identity; and thus, proceeding anonymously will not interfere with defendants'. . . discovery.").

This Court understands that Plaintiff's pursuit of this case may impact Defendants' "reputation and may also result in economic harm," however, the same is true for Plaintiff, who is easily discoverable.[3] (Doc. 31 at 8 (citing *S. Methodist Univ. Ass'n of Women Law Students*, 599 F.2d at 713).)  Thus, this Court does not find that Defendants suffer from a unique threat of fundamental unfairness, as more recent interpretations of such contemplate the concern that defendants will be unable to defend themselves or discover certain information, which is not present here.  *See Francis*, 631 F.3d at 1315; *Predator Catchers, Inc.*, 343 F.R.D. at 638.

This factor tips in Plaintiff's favor to proceed anonymously; however, upon reviewing the totality of the circumstances and in light of the other five factors weighing against anonymity, this Court finds that Plaintiff has not overcome the presumption of judicial openness. *See In re Chiquita Brands*, 965 F.3d at n. 8.  Consequently, if Plaintiff wishes to pursue this case, she must do so in her real name.

---

3 *See* Doc. 49 at 6 (stating that "people who care could identify [Plaintiff] through a public search for whoever was now Judge Casey Woolsey's 'sole opponent' in 2021").

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 31**) is **GRANTED**.

2. **On or before October 7, 2024**, Plaintiff shall **SHOW CAUSE** in writing why Plaintiff and/or their counsel should not be ordered to pay Defendants' reasonable expenses, including attorney's fees, incurred in bringing the Motions. *See* Fed.R.Civ.P. 37(a)(5)(A).

**DONE AND ORDERED** at Jacksonville, Florida, on September 23, 2024.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record