UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JANE DOE,

    Plaintiff,

v.

ROBERT A. HARDWICK, in his official capacity as SHERIFF OF ST. JOHNS COUNTY; MATTHEW CLINE, in his individual capacity; JOSHUA WOOLSEY; WOOLSEY LAW PLLC, with a fictitious name of WOOLSEY MORCOM PLLC; CASEY WOOLSEY; WILLIAM LEE OWEN, III; and STOP DOMESTIC VIOLENCE FLORIDA, a Political Committee.

    Defendants.
_____/

Case Number: 3:24-cv-00489-BJD-MCR

# DEFENDANTS JOSHUA WOOLSEY AND CASEY WOOLSEY'S REPLY TO PLAINTIFF JANE DOE'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Defendants, Joshua Woolsey and Casey Woolsey, file their Reply to Plaintiff Jane Doe's Response to their Motion to Dismiss.  D.E 82.

## I.   Introduction

Within their motion to dismiss, the Woolseys identify a host of dispositive legal issues which require the dismissal of the plaintiff's Amended Complaint.  Consistent with the First Amendment issues implicated by the plaintiff's claims, the Woolseys go further.  To permit this Court to properly

54917527 v1
55338806 v1

dispose of the plaintiff's defamation claims, they provide this Court the actual SJSO investigative report which was released to Mr. Woolsey. D.E. 63, pp. 21-24; D.E. 43-1, Ex. E. Respectfully, the plaintiff's response only underscores a misunderstanding of the actual malice standard and its application herein

**II.  Argument**

    **A.  Actual Malice**

In her response the plaintiff does not dispute that, as a candidate for public office, she is a public figure. It follows, of course, that as a public figure she faces the heightened burden of establishing actual malice by clear and convincing evidence. *Mile Marker, Inc. v. Petersen Publishing, LLC,* 811 So. 2d 841, 846-47 (Fla. 4th DCA 2002). Crucially in light of the plaintiff's response, actual malice is not an objective test. *Michel v. NYP Holdings, Inc.*, 816 F. 3d 686, 702 (11th Cir. 2016). Instead, it requires evidence that a defendant subjectively "entertained serious doubts as to the veracity of the [allegedly defamatory statement] or was highly aware that the [statement] was probably false. *Id.* at 703.

<u>**The Plaintiff's Hearsay Objection and Her Affidavit**</u>

Given the subjective nature of the actual malice standard, evidence concerning what was said to, known by or relied upon by the Woolseys is highly probative. *See, Dockery v. Florida Democratic Party,* 799 So. 2d 291, 296 (Fla. 2d DCA 2001) ("Reliance upon a reliable source insulates a defendant from a

2

finding of actual malice as a matter of law."). Therefore, it is readily apparent that the plaintiff's objection to the Court's consideration of the SJSO report as hearsay is not well grounded. The Woolseys obviously did not offer the report for the truth of the matters asserted therein but for purposes of the subjective, actual malice standard, i.e., to confirm that Mr. Woolsey had ample reason to conclude that the plaintiff had filed a false report.

For the same reasons, the plaintiff's own affidavit, offered in an apparent attempt to reconcile inconsistencies or simple falsehoods (such as the claim she was assaulted by an Uber driver) documented in the SJSO report is irrelevant. D.E. 82-1. This after-the-fact papering of her underlying claim offers nothing relevant with respect to the actual malice standard.

### B.   The Plaintiff's Counsel's Affidavit

In an effort to avoid the inevitable, the plaintiff's counsel submits an affidavit asking the Court to defer consideration of summary judgment pending the conduct of certain, non-specific discovery. D.E. 82-2. The Woolseys strongly believe that a lawsuit should not be a mechanism to discover whether one actually has a claim. The Eleventh Circuit Court of Appeals agrees, explaining "[t]he costs and efforts required to defend a lawsuit through that stage of litigation [discovery] could chill free speech nearly as effectively as the absence of the actual malice standard altogether." *Michel v. NYP Holdings, Inc.*, 816 F. 3d at 702.

Of note, counsel's affidavit offers no details or hint as to what discovery she wishes to conduct and why such discovery may lead to admissible evidence relating to the actual malice standard. To borrow the language of Rule 56(d), the affidavit offers no "specified reasons" why the plaintiff cannot proffer anything in support of her defamation claim.[1] Taken together with the Complaint and the Amended Complaint, counsel's affidavit merely represents the plaintiff's third unsuccessful attempt to demonstrate that her claims have a plausible basis.

### III. Conclusion

For the above reasons, as well as the arguments advanced in the Motion to Dismiss, Mr. Woolsey and Judge Woolsey respectfully request that this Court dismiss this lawsuit against Mr. Woolsey and Judge Woolsey, with prejudice.

Respectfully submitted this 24th day of September 2024

/s/ Bruce Trybus
COONEY TRYBUS LAW
1600 W Commercial Blvd
Suite 200
Fort Lauderdale, Florida 33309
Telephone: (954) 568-6669
reception@cooneytrybus.com
yhall@cooneytrybus.com

and

---

[1] Beyond the actual malice issue, the plaintiff stubbornly refuses to provide any details of the alleged defamation such as identifying when and to whom the allegedly defamatory statement was made.

4

55338806 v1

M. SCOTT THOMAS
Florida Bar No.: 0994898
Burr & Forman, LLP
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
Telephone: (904) 232-7200
Facsimile: (904) 232-7201
Primary and Secondary E-mail Addresses:
msthomas@burr.com
jmlewis@burr.com

Attorneys for Defendants Joshua Woolsey and Casey Woolsey

### CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and M.D. Florida Local Rule 2.02(a), this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

*/s/ Bruce Trybus*

BRUCE TRYBUS
Florida Bar No. 972983

55338806 v1