UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**JANE DOE,**

    Plaintiff,

v.                                               Case No. 3:24-cv-00489-BJD-MCR

**ROBERT A. HARDWICK, et al.**

    Defendants.

_____/

**<u>PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER COMPELLING PLAINTIFF TO PROCEED IN HER OWN NAME</u>**

    Plaintiff, Jane Doe, through her undersigned counsel, respectfully submits this objection to the Magistrate Judge's Order (Doc. 89) compelling Plaintiff to proceed in her own name, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. Plaintiff objects to the Magistrate Judge's ruling because it is clearly erroneous and contrary to law, for the following reasons:

    **I.**     **Introduction**

    The Magistrate Judge's ruling incorrectly denies Plaintiff's substantial privacy rights, which are of utmost importance and clearly outweigh the public's interest in knowing her identity. Plaintiff is a survivor of sexual battery, a traumatic experience that has caused her profound physical and emotional harm. Forcing her to disclose her identity would subject her to further trauma

1

and risks of retaliation, harassment, and public scrutiny. Defendants' motion to compel Plaintiff to proceed in her own name does not articulate a legitimate reason that would justify exposing Plaintiff to these unnecessary risks, especially when her identity does not affect the fairness of the proceedings.

Defendants caused Plaintiff's privacy rights to be violated in the first place which is the reason she was forced to file suit and now, for a second time, they are arguing for the release of Plaintiff's name for the public to now know that she was sexually violated. Why? There is no good reason that Defendants could ever give for her to proceed in her own name. By seeking to enforce her privacy interests, it is ironic that she has to disclose her identity to enforce those rights. For these reasons, Plaintiff respectfully submits that the Magistrate Judge's ruling was erroneous and should be reversed by this Court.

## II. Standard of Review

Under Rule 72(a), a district judge must modify or set aside any part of a magistrate judge's order that is "clearly erroneous or is contrary to law." An order is clearly erroneous when, after reviewing the entire evidence, the district court is left with the firm conviction that a mistake has been made. An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or procedural rules.

In this case, the Magistrate Judge misapplied well-established legal standards, specifically those outlined in *Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992), and its progeny. Under these precedents, the balance of factors strongly favors allowing Plaintiff to proceed anonymously, particularly in light of the sensitive nature of the case and the risks of harm associated with disclosure.

### III.   Argument

#### A.   The Magistrate Judge Misapplied the Legal Standard for Proceeding Anonymously

The Eleventh Circuit in *Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992), outlined the key factors courts should consider when determining whether a party may proceed anonymously. These factors include (1) whether the plaintiff is challenging governmental activity, (2) whether the plaintiff is required to disclose information of the utmost intimacy, and (3) whether the plaintiff risks criminal prosecution by admitting to illegal conduct. The court must also consider any additional factors relevant to the specific case. In *Frank*, the court emphasized that the goal is to balance the public's interest in open judicial proceedings against the plaintiff's right to privacy. *See id.* ("The enumerated factors in *Stegall* were not intended as a "rigid, three-step test for the propriety of party anonymity." *Id.* Nor was the presence of one factor meant to be dispositive. Instead, they were highlighted merely as factors deserving

consideration. A judge, therefore, should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.", emphasis in original, footnote and citations omitted).

The Magistrate Judge misapplied these factors in several key ways whilst also not reviewing *all* the circumstances of this case:

### 1. This Case Involves the Disclosure of Information of the Utmost Intimacy

Plaintiff's claim arises from a deeply personal and traumatic sexual battery that occurred on April 20, 2018 (Complaint, ¶ 13-27). The intimate and private nature of the allegations, which involve sexual violence, makes it essential to protect Plaintiff's identity. The Eleventh Circuit in *Doe v. Neverson*, 820 F. App'x 984 (11th Cir. 2020) expressly recognized that cases involving sexual assault and other deeply personal matters justify allowing plaintiffs to proceed under a pseudonym to avoid further trauma and public scrutiny. In *Neverson*, the court acknowledged the significant social stigma that can result from public disclosure of sexual assault allegations, and it allowed the plaintiff to proceed anonymously to protect her from harm.

Similarly, in *Doe v. Predator Catchers, Inc.*, 343 F.R.D. 633 (M.D. Fla. 2023), the Middle District of Florida allowed a plaintiff to proceed anonymously

4

due to the highly sensitive nature of the allegations, which involved sexual matters. The court recognized that the plaintiff's privacy interest in avoiding public exposure of these intimate details outweighed the public's interest in knowing her identity. Plaintiff in this case faces the same risks, as her sexual assault is a deeply intimate event that would cause her emotional harm if her identity were revealed.

The Magistrate Judge's ruling failed to weigh the highly sensitive nature of Plaintiff's claims properly. The fact that Plaintiff's case involves sexual assault places it squarely within the category of cases where anonymity is often granted to protect the plaintiff's emotional well-being and avoid unnecessary public exposure.

### 2. Plaintiff Faces a Significant Risk of Retaliation and Harm

The Magistrate Judge also erred in concluding that Plaintiff has not demonstrated a sufficient risk of retaliation or harm. Plaintiff has already faced harassment related to the underlying events of this case, and revealing her identity could exacerbate these threats (Complaint, ¶ 82). Courts have long recognized the importance of protecting plaintiffs from retaliation in cases involving sensitive personal matters. *See*, e.g., *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) (anonymity is appropriate when there is evidence of threats or harassment that could result from public disclosure of the plaintiff's identity).

5

The Magistrate Judge dismissed Plaintiff's concerns because she did not provide specific exhibits or declarations detailing the harassment she faced. However, the absence of formal exhibits does not negate the reality of the threats Plaintiff faces. In today's digital age, victims of sexual assault are particularly vulnerable to online harassment, doxxing, and other forms of retaliation once their identity is made public. Even generalized risks of harassment in sensitive cases are sufficient to warrant anonymity. *See* e.g. *Stegall*, 653 F.2d at 186.

### 3. Defendants Will Not Suffer Unfairness if Plaintiff Proceeds Anonymously

The Magistrate Judge's ruling overemphasizes Defendants' concerns about fairness. However, it's important to note that Defendants already know Plaintiff's identity and are not prejudiced in preparing their defense. As the court noted in *Doe v. Predator Catchers, Inc.*, anonymity does not hinder defendants' ability to defend themselves as long as they are aware of the plaintiff's identity. Defendants' argument that they would suffer harm if Plaintiff proceeds anonymously is speculative and unsupported by any specific showing of prejudice. The Plaintiff has a right to proceed anonymously, and this does not compromise the fairness of the legal process.

Furthermore, Plaintiff's anonymity does not interfere with the public's ability to understand the issues in the case. The substantive matters will be fully

adjudicated without the need for Plaintiff's name to be disclosed, ensuring that the public interest in open judicial proceedings is preserved. The courts have consistently allowed anonymity in cases involving sexual assault without detracting from the fairness or openness of the judicial process. *See* e.g. *Neverson*, 820 F. App'x at 988.

### B. The Public's Interest in Disclosure Does Not Outweigh Plaintiff's Privacy Rights

The Magistrate Judge improperly weighed the public's interest in knowing the identity of the parties against Plaintiff's right to privacy. Courts have repeatedly held that in cases involving sensitive personal matters, such as sexual assault, the plaintiff's privacy rights often outweigh the public's interest in disclosure. In *Doe v. Neverson*, the Eleventh Circuit recognized that the social stigma and emotional harm associated with sexual assault justify allowing plaintiffs to proceed anonymously. Similarly, in *Doe v. Predator Catchers, Inc.*, the Middle District of Florida acknowledged that the highly sensitive nature of sexual assault allegations warranted anonymity, despite the general presumption of openness in judicial proceedings.

The public's interest in this case lies primarily in understanding the legal issues and the allegations of misconduct, not in knowing the victim's identity. The public will still have full access to the facts and arguments presented in this

case, and Plaintiff's anonymity does not diminish the transparency of the proceedings.

### C. Florida Law and Public Policy Strongly Favor Protecting the Identity of Sexual Assault Victims

Finally, the Magistrate Judge failed to consider Florida's strong public policy favoring the protection of sexual assault victims. Florida law recognizes the need to shield the identities of victims of sexual violence from public exposure, as evidenced by Fla. Att'y Gen. Op. 2003-56 (2003), which highlights the State's interest in protecting the privacy of sexual assault victims. Florida's legal framework aligns with the protections granted in federal courts to victims of sexual assault, who are often allowed to proceed anonymously to avoid further harm.

### IV. Conclusion

For the reasons stated above, Plaintiff respectfully requests that this Court set aside the Magistrate Judge's Order (Doc. 89) and allow Plaintiff to proceed anonymously. Plaintiff has demonstrated a substantial privacy interest that outweighs the public's interest in disclosure, and the potential harm to Plaintiff justifies the continued use of a pseudonym in this case.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
**MARIE A. MATTOX, P.A.**
203 North Gadsden Street
Tallahassee, Florida 32301
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Court's electronic filing system, which will send notice to all counsel of record this 7th day of October, 2024.

/s/ Marie A. Mattox
Marie A. Mattox