# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JANE DOE,

      Plaintiff,

v.

                                       Case No. 3:24-cv-489-BJD-MCR

ROBERT A. HARDWICK, in his
official capacity as Sheriff of St.
Johns County Florida, MATTHEW
CLINE, in his individual capacity,
JOSHUA WOOLSEY, WOOLSEY
LAW PLLC, with a fictitious name
of Woolsey Morcom PLLC, CASEY
WOOLSEY, WILLIAM LEE
OWEN, III, STOP DOMESTIC
VIOLENCE FLORIDA, a Political
Committee, WILLIAM MASSON,
JOHN DOE 1, and JANE DOE 1,

      Defendants.

_____/

# <u>O R D E R</u>

**THIS CAUSE** is before the Court on four motions to dismiss:

Defendant Woolsey Law PLLC's (the "Firm") Motion to Dismiss (Doc. 51);

Defendant William Lee Owen, III's ("Owen") Motion to Dismiss (Doc. 53);

Stop Domestic Violence Florida's ("SDV") Motion to Dismiss Counts V, VIII,

and IX (Doc. 54); Defendants Joshua Woolsey and Casey Woolsey's (the "Woolseys") Motion to Dismiss (Doc. 63); and the related briefing.[1]

## I.    BACKGROUND

Plaintiff brings twenty counts over the course of her fifty-six page Amended Complaint. (Doc. 50; AC). The facts giving rise to this case follow Plaintiff being sexually battered on April 20, 2018. AC ¶13. Plaintiff submitted to a sexual assault examination at the Family Life Center. AC ¶ 14. Plaintiff contacted Defendant Undersheriff Matthew Cline ("Cline") to arrange for an interview between Plaintiff and law enforcement officers from the St. John's Sheriff's Office ("SJSO"). Plaintiff also discussed the assault with her husband, mother, stepfather, close friend, and the nurse that conducted Plaintiff's examination. AC ¶ 19. Plaintiff ultimately decided to not pursue criminal charges against her assailant and requested SJSO to cease its investigation. Id. SJSO complied. Id.

The Woolseys owned and managed the Firm, which was a party to a representation agreement between the Firm and SJSO. AC ¶ 24. On or about September 1, 2020, Casey Woolsey began a campaign to become a county

---

[1] SDV argues Florida does not allow unincorporated entities to be sued without the individuals responsible for the entity being named. Even if true, this rule of procedure does not apply in federal court. Vacation Break U.S.A., Inc. v. Mktg. Response Grp. & Laser Co., 189 F.R.D. 474, 478 (M.D. Fla. 1999).

court judge in St. John's County. AC ¶ 25. In early 2021, Plaintiff entered the race for the same position and became Casey Woolsey's sole opponent. AC ¶ 26. Sometime between April 2018 and June 2022, Cline spread rumors that Plaintiff falsely reported a sexual assault. AC ¶ 28. Once the Woolsey's heard the rumor, Joshua Woolsey submitted a public records request to SJSO for documents related to the rumor, including a specific request for a sexual battery report. AC ¶¶ 30 and 31.

On June 10, 2022, Cline requested that Plaintiff meet with him at his office. AC ¶ 32. Cline alerted Plaintiff to Joshua Woolsey's request and stated that he allowed Joshua Woolsey to read the completely unredacted report containing all Plaintiff's identifying information. AC ¶¶ 33 and 34. Plaintiff believed Joshua Woolsey sought the report to harass and intimidate her. AC ¶ 38. Plaintiff, Cline, and Joshua Woolsey then argued about whether Plaintiff qualified for an exemption to the public records laws as a sexual assault victim that ultimately forced Plaintiff to produce the results of her rape kit. AC ¶ 46. Cline ultimately declined to afford Plaintiff a victim exemption to the public records law and released the rape kit results and sensitive medical evidence. AC ¶¶ 49 and 50.

Plaintiff successfully pursued an emergency temporary injunction against SJSO to prevent the release of her file, but during its pendency SJSO released the file to Joshua Woolsey. AC ¶ 57. The state court enjoined SJSO,

the Woolsey's and the Firm (though the Firm was ultimately excluded from the injunction) from releasing any information in the file and the underlying incident. AC ¶¶ 60 and 71. When a third-party supporter of Casey Woolsey petitioned for mandamus against SJSO for the report, SJSO failed to notify Plaintiff, and, without Plaintiff being notified, the state court granted the petition for mandamus. AC ¶¶ 72-73.

With the information produced from the file, Casey Woolsey confronted Plaintiff while Plaintiff was campaigning with Plaintiff's son. AC ¶ 74. Casey Woolsey accused Plaintiff of fabricating the sexual assault incident and taunted Plaintiff for being sexual battered in front of her son. Id. The Woolseys along with Owen began publicly claiming that Plaintiff lied about being sexually assaulted to distract from the fact that she was unfaithful to her husband. AC ¶ 76. The trio's efforts were to further Casey Woolsey's odds of winning the judgeship and to harass and humiliate Plaintiff. AC ¶ 77.

They coordinated with a political committee SDV to produce political materials labeling Plaintiff anti-police for seeking the state court injunction against SJSO. AC ¶ 79. Plaintiff contends the political materials violated the state court's injunction because they contained information about the case. AC ¶ 81. As a result of Defendants' conduct, Plaintiff suffered severe emotional distress manifesting itself in, among other things, vomiting, trembling, and hyperactive nervous reactions. AV ¶ 85.

Plaintiff now brings this suit alleging twenty counts against Defendants. Cline and SJSO answered the Complaint. (Doc. 56). The Woolseys, the Firm, Owen, and SDV moved to dismiss the claims against them. Those claims are grouped as follows: Count V, Negligent Infliction of Emotional Distress ("NIED"); Count VI, Intentional Infliction of Emotional Distress ("IIED"); Counts VII and VIII, Defamation and Defamation by Implication; and Count IX, Civil Conspiracy to Commit Defamation.[2]

## II.    DISCUSSION

The Federal Rules of Civil Procedure (the "Rule(s)") require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Indeed, an action fails to state a claim for which relief may be granted, and may be subject to dismissal, if it fails to include such a short and plain statement. See Harper v. Lawrence Cty., Ala., 592 F.3d 1227, 1232–33 (11th Cir. 2010) (citing Fed. R. Civ. P. 8(a)(2), 12(b)(6)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[2] SDV is omitted from Counts VI and VII. The Firm is omitted from Counts V, VII, VIII and IX.

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Pursuant Rule 12(b)(6), a district court may dismiss a complaint for "failure to state a claim upon which relief can be granted." When reviewing a motion to dismiss, the Court must take the complaint's allegations as true and construe them in the light most favorable to the plaintiff. Rivell v. Private Health Care Sys., Inc., 520 F.3d 1308, 1309 (11th Cir. 2008). The Court is required to accept well-pleaded facts as true at this stage, but it is not required to accept a plaintiff's legal conclusions. Chandler v. Sec'y of Fla.

1.    Intentional Infliction of Emotional Distress

Under Florida law a plaintiff must allege "(1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) that the conduct caused emotional distress; and (4) that the distress was severe" to state a claim for IIED.  Parkey v. Carter, 702 F. Supp. 3d 1253, 1258 (S.D. Fla. 2023) (citing Nettles v. City of Leesburg Police Dep't, 415 F. App'x. 116 (11th Cir. 2010)). Outrageous conduct is "behavior that goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community[.]" Rubio v. Lopez, 445 F. App'x 170, 175 (11th Cir. 2011).

As to Plaintiff's claim to IIED, the Firm stands in a different position than that of the Woolseys, SDV, and Owen. As stated in the Amended Complaint, the Firm's conduct was confined to defending against the

temporary injunction, a defense that ultimately proved successful. Defending one's position in a legal proceeding, such as the Firm in the state court proceeding, is almost never a basis for a finding of outrageous conduct— especially since the Firm prevailed. See Southland Corp. v. Bartsch, 522 So. 2d 1053, 1056 (Fla. 5th DCA 1988) (holding that "conduct is privileged and the actor is never liable where he does no more than insist upon his legal rights in a permissible way, even though the actor is well aware that such insistence is sure to cause emotional distress").

On the other hand, the Woolseys, SDV, and Owen acted in concert to humiliate and harass Plaintiff outside of the legal process. Being a victim of sexual assault is a tragedy. Having that information publicly disseminated against the protections afforded to sexual assault victims multiplies that injury. Worse yet, being accused of fabricating the assault to conceal infidelity adds an order of magnitude not easily fathomable by this Court. The conduct of the Woolseys, SDV, and Owen was intolerable, atrocious, and utterly outrageous. In addition to the outrageousness of the conduct alleged, Plaintiff has sufficiently stated the Woolseys, SDV, and Owen were deliberately harmful and caused Plaintiff severe emotional distress. Accordingly, Plaintiff's claims of IIED against the Woolseys, SDV, and Owen survive.

2.      Negligent Infliction of Emotional Distress

In Florida, a claim for NIED requires a plaintiff to state

> (1) . . . a physical injury; (2) the plaintiff's physical injury must be caused by the psychological trauma; (3) the plaintiff must be involved in some way in the event causing the negligent injury to another; and (4) the plaintiff must have a close personal relationship to the directly injured person.

Corbin v. Prummell, 655 F. Supp. 3d 1143, 1166–67 (M.D. Fla. 2023) (quoting Zell v. Meek, 665 So. 2d 1048, 1054 (Fla. 1995) (internal quotation marks omitted).

With a few narrow exceptions, a claim for NIED must be supported by a physical impact, also known as the impact rule. "[T]he impact rule requires that before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact." R.J. v. Humana of Fla., Inc., 652 So. 2d 360, 362 (Fla. 1995) (internal quotations omitted). Florida has deliberately maintained a limited class of exceptions to the impact rule, such as witnessing the death of a loved one. Zell, 665 So. 2d at 1054. Indeed, Florida's "strict adherence" to the impact rule has prevented even cases where injuries resulted from a false-positive HIV diagnosis at a time when it was thought to be a near-certain death sentence. See R.J., 652 So. 2d 360 at

363-64 (explaining the necessity of limiting speculative damages and the availability of damages absent a physical injury pursuant to a claim of IIED).

Similar to the plaintiff in <u>R.J.</u>, Plaintiff endured terrible circumstances that evokes the sympathy of any reasonable person. However, Plaintiff provides no applicable exception to the impact rule in this case and the Court finds none. Plaintiff was not physically impacted by Defendants' actions, and she did not witness the physical injury of another. Even if the Court could consider the injuries of which Plaintiff complains—vomiting, trembling, and hyperactive nervous reactions—they are inadequate as a matter of law. <u>See,e.g.,</u> <u>Whiddon v. Serv. Corp. Int'l</u>, 626 F. Supp. 3d 1243, 1246 (N.D. Fla. 2022) (collecting cases finding the impact rule was not met by plaintiffs suffering anxiety, headaches, insomnia, hair loss, bowel trouble, and vomiting). Because Plaintiff cannot meet the impact rule as to the Woolseys, the Firm, Owen, or SDV, Plaintiff's claims as to these Defendants are due to be dismissed.

3.    Defamation

"Defamation under Florida law has these five elements: (1) publication; (2) falsity; (3) the statement was made with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement must be defamatory." <u>Turner v. Wells</u>, 879 F.3d 1254, 1262

(11th Cir. 2018). "To be defamatory, a statement must be "'of and concerning'" the plaintiff and must also "'expose [the] plaintiff to hatred, ridicule, or contempt or injure[ ] his business or reputation or occupation.'" Frank v. Fine, No. 6:23-CV-2043-PGB-RMN, 2024 WL 473718, at *2 (M.D. Fla. Jan. 5, 2024) (quoting Parekh v. CBS Corp., 820 F. App'x 827, 833 (11th Cir. 2020)), report and recommendation adopted, No. 6:23-CV-2043-PGB-RMN, 2024 WL 473720 (M.D. Fla. Jan. 19, 2024).

Some statements, such as statements of pure opinion, cannot form the basis of a defamation claim. See Turner, 879 F.3d at 1262 (citing Florida law). A statement of fact is one which can be proven true whereas an opinion cannot. See Michel, 816 F.3d at 697 (explaining difference between statements of opinion and statements of fact, noting that statements of fact are "readily capable of being proven true or false"). Whether a statement is one of fact or opinion is a question of law for the Court to decide. Turner, 879 F.3d at 1262-63. In making its determination, the Court should consider the statements in their totality and consider any context or circumstances surrounding the statement, including the medium in which the statement was disseminated. See id.; see also From v. Tallahassee Democrat, Inc., 400 So. 2d 52, 57 (Fla. 1st DCA 1981).

Public figures face greater obstacles in alleging a defamation claim. Specifically, a public figure must allege a declarant made a defamatory

statement with "actual malice," a standard which has been interpreted as
meaning with actual knowledge of the statement's falsity or with reckless
disregard for its veracity. <u>Turner</u>, 879 F.3d at 1273. A public figure is often
characterized as someone who voluntarily places themselves in positions
which invite public scrutiny and has greater access to media outlets or mass
communication to combat any defamatory remarks. <u>See id.</u> at 1272. Whether
a litigant is a public figure for purposes of a defamation action is a question of
law for the Court. <u>Mile Marker, Inc. v. Petersen Publ'g, L.L.C.</u>, 811 So. 2d
841, 845 (Fla. 4th DCA 2002).

By voluntarily entering the race for public office, Plaintiff is properly
classified as a public figure. Plaintiff has adequately alleged that Defendants
published statements, and the statements were false insomuch as they,
among other things, claimed Plaintiff fabricated being sexually assaulted.
Whether Plaintiff was sexually assault or filed a false report is capable of
being proven true or false and is appropriately addressed on summary
judgment in this case. Moreover, Plaintiff has alleged that Defendants knew
they were at a minimum recklessly indifferent to the truthfulness of their
claims about Plaintiff and motivated, at least in part, to humiliate and harass
Plaintiff. Accusing Plaintiff, as an attorney, of dishonesty and potentially
criminal conduct exposed Plaintiff to reputational and occupational injuries.
Plaintiff has sufficiently established her claims for defamation.

Plaintiff's claim for defamation by implication survive for similar reasons. A claim for defamation by implication imposes liability on a defendant who "juxtaposes a series of facts so as to imply a defamatory connection between them, or creates a defamatory implication by omitting facts[.]" Jews For Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1108 (Fla. 2008). This claim provides relief for an aggrieved party though the falsity element of a defamation claim is not technically met so long as the "gist" misleads the listener. As the Federal Rules of Civil Procedure allow pleading in the alternative, Plaintiff's claims of defamation by implication are permissible. The Federal Rules of Civil Procedure specifically allow for pleading alternative theories of recovery and for pleading inconsistent claims. See Silverio v. Buffalo Rock Co., No. 2:09-CV-01914-TMP, 2010 WL 11614793, at *2 (N.D. Ala. Apr. 1, 2010) (citing Fed. R. Civ. P. 8), report and recommendation adopted, No. 2:09-CV-01914-TMP, 2010 WL 11614791 (N.D. Ala. Apr. 19, 2010).

Plaintiff's claims that Defendants conspired to defame her also survive.

> Under Florida law, the essential elements of civil conspiracy are: (1) a conspiracy between two or more parties, (2) to do an unlawful act or to do a lawful act by unlawful means, (3) the doing of some overt act in pursuance of the conspiracy, and (4) damage to the plaintiff as a result of the acts done under the conspiracy.

<u>Am. Airlines, Inc. v. Spada</u>, No. 23-21844-CIV, 2024 WL 2797380, at *14 (S.D. Fla. Feb. 23, 2024). "[T]he existence of the conspiracy agreement does not have to be proven by direct evidence. Instead, it can be inferred from the conduct of the alleged participants or from circumstantial evidence of the scheme." <u>Cox v. Adm'r U.S. Steel & Carnegie</u>, 17 F.3d 1386, 1410–11 (11th Cir.), <u>opinion modified on reh'g</u>, 30 F.3d 1347 (11th Cir. 1994).

Plaintiff meets the first element where she alleges that Cline, the Woolseys, Owen, and SDV, conspired together. The second element is met where the conspiracy was to commit defamation. Those involved all played a role and they committed some overt act in furtherance of the conspiracy: Cline provided protected information to the Woolseys; and the Woolseys, Owen, and SDV published information defaming Plaintiff. Their collective actions damaged Plaintiff, including causing injury to her reputation.

Accordingly, after due consideration, it is

**ORDERED:**

1. Defendant Woolsey Law PLLC's Motion to Dismiss (Doc. 51) is

    **GRANTED in part and DENIED in part**.

    a.  Plaintiff's claim against Woolsey Law PLLC for intentional infliction of emotional distress is **DISMISSED**.

    b.  The Motion is otherwise **DENIED**.

- 13 -

2. Defendant William Lee Owen, III's Motion to Dismiss (Doc. 53); Stop Domestic Violence Florida's Motion to Dismiss Counts V, VIII, and IX (Doc. 54); and Defendants Joshua Woolsey and Casey Woolsey's Motion to Dismiss (Doc. 63) are **DENIED in part and GRANTED in part**.

    a. Plaintiff's claims against William Lee Owen, Stop Domestic Violence Florida, Joshua Woolsey and Casey Woolsey for negligent infliction of emotional distress are **DISMISSED**.

    b. The Motions are otherwise **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida this _26th_ day of March, 2025.

_____
BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

Counsel of Record
Unrepresented Parties