UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JANE DOE,

    Plaintiff,

v.   CASE NO. 3:24-cv-489-BJD-MCR

ROBERT A. HARDWICK, etc.,
*et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Casey Woolsey's ("Defendant") Motion for Protective Order ("Motion") (Doc. 132) and Plaintiff's Response thereto (Doc. 134). For the reasons set forth herein, the Motion is due to be **DENIED without prejudice**.

It appears that the parties did not fully and adequately confer as to each issue in dispute as required before the Motion was filed. First, Defendant did not obtain Plaintiff's position regarding the Motion before filing it. (Doc. 132 at 15–16.) Next, in the supplemental Local Rule 3.01(g) certificate, Plaintiff states that the parties conferred via three emails in an attempt to resolve the issues raised in 138 pages of filings. (*See* Docs. 132, 133, 134.) This is insufficient. Moreover, based on the concessions made by Plaintiff in the Response, it is unclear what, if any, issues remain in dispute

at this time. (*See* Doc. 134 at 2–3.) Thus, the parties will be directed to re-confer regarding any remaining issues in dispute as set forth herein in an attempt to resolve any such disputes without Court intervention.

Adequate conferral requires that the parties orally confer in person or by extended telephone conference regarding each specific issue in dispute prior to filing any motion. *See Davis v. Apfel*, Case No. 6:98-cv-651-Orl-22A, 2000 WL 1658575, at *2 n.1 (M.D. Fla. Aug. 14, 2000) (construing Local Rule 3.01(g) to require that the parties "speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues"); *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996) ("The purpose of [Local Rule 3.01(g)] is to require the parties to communicate and resolve certain types of disputes without court intervention.").

The parties must cooperate and attempt to resolve all discovery disputes without Court intervention. *See S.L. Sakansky & Assocs., Inc. v. Allied Am. Adjusting Co. of Fla., LLC.*, Case No. 3:05-cv-708-J-32MCR, 2007 WL 2010860, at *1 (M.D. Fla. July 6, 2007) ("Discovery is intended to operate with minimal judicial supervision" and "should be practiced with a spirit of cooperation and civility."); Middle District Discovery (2021) at 2, I. A. 2 ("Many potential discovery disputes are resolved (or the differences narrowed

2

or clarified) when counsel confer in good faith."). The parties are reminded that the Court must award expenses to the prevailing party on discovery motions unless certain exceptions apply. See Fed. R. Civ. P. 37(a)(5).

Therefore, the parties shall re-confer in person or by extended telephone conference regarding each specific issue in dispute in the Motion and attempt to resolve, or at least narrow, the subject disputes. If a new motion is filed, it must identify the participants to the conference, the length of time of the conference, and must otherwise comply with this Order. The Court will not hesitate to award expenses, including attorney's fees, against any party who is not cooperating in discovery, not adequately conferring, or taking unjustified positions. See Fed. R. Civ. P. 37(a)(5).

Accordingly, it is **ORDERED**:

The Motion (**Doc. 132**) is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, on July 17, 2025.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

3