## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JANE DOE,

     Plaintiff,

                                         Case No. 3:24-cv-489-BJD-MCR

v.

ROBERT A. HARDWICK, in his
official capacity as Sheriff of St.
Johns County Florida,
MATTHEW CLINE, in his
individual capacity, JOSHUA
WOOLSEY, WOOLSEY LAW
PLLC, with a fictitious name of
Woolsey Morcom PLLC, CASEY
WOOLSEY, WILLIAM LEE
OWEN, III, STOP DOMESTIC
VIOLENCE FLORIDA, a
Political Committee, WILLIAM
MASSON, JOHN DOE 1, and
JANE DOE 1,

     Defendants.

_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Objection (Doc. 92) to

the Magistrate Judge's Order (Doc. 89) requiring Plaintiff to proceed in her

actual name.

The facts giving rise to this case follow Plaintiff allegedly being

sexually battered on April 20, 2018. (Doc. 50; Complaint ¶13). Plaintiff

contacted law enforcement officers from the St. John's Sheriff's Office

("SJSO"), and discussed the assault with her husband, mother, stepfather,

close friend, and the nurse that conducted Plaintiff's examination.

Complaint ¶ 19. Plaintiff ultimately decided to not pursue criminal charges

against her assailant and requested SJSO to cease any investigation. Id.

SJSO complied. Id.

Plaintiff's report of her sexual assault became an issue during a race

for a Florida state court judicial position in 2021 against Defendant Casey

Woolsey. Ultimately, the SJSO declined to afford Plaintiff a victim

exemption to the public records law and released the rape kit results and

sensitive medical evidence regarding Plaintiff's claims of sexual assault.

Complaint ¶¶ 49 and 50. The Woolseys along with Defendant Owen began

publicly claiming that Plaintiff lied about being sexually assaulted to

distract from the fact that she was unfaithful to her husband. Complaint ¶

76. The trio's efforts were to further Casey Woolsey's odds of winning the

judgeship and to harass and humiliate Plaintiff. Complaint ¶ 77.

Plaintiff seeks to remain anonymous in this case because she is a

victim of sexual assault and because anonymity will protect her legitimate

privacy interests while protecting Plaintiff from harm. Plaintiff argues that

because Defendants know her identity, they are not prejudiced in

defending themselves in this lawsuit. Further, Defendants are motivated

- 2 -

by embarrassing Plaintiff in their efforts to compel Plaintiff to proceed in her actual name.

The Magistrate Judge ordered that Plaintiff identify herself in the case and proceed in her own name. (Doc. 89). Citing Federal Rule of Civil Procedure 10(a) and a litany of case law, the Magistrate Judge explained that parties must proceed in their own names. Id. at 2. The general rule that parties proceed in their actual names "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." Doe v. Frank, 951 F.2d 320, 322 (11th Cir. 1992). While the Magistrate Judge considered the case law establishing exceptions to this rule, the Magistrate Judge ultimately concluded that Plaintiff was not entitled to proceed anonymously. In so ordering, the Magistrate Judge considered the relevant case law and noted that Plaintiff is easily discoverable by googling the sole opponent to Defendant Casey Woolsey in 2021. Id. at 10 n. 3. Plaintiff objects to the Magistrate Judge's Order.

To prevail on their Objection, Plaintiff must establish that the conclusions in the Order to which she objects are clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); see also Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. Unit

A June 1981);[1] <u>NAACP v. Fla. Dep't of Corr.</u>, 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000); <u>Williams v. Wright</u>, No. 3:09-cv-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec.16, 2009) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" (quoting Fed. R. Civ. P. 72(a)).  "Clear error is a highly deferential standard of review." <u>Holton v. City of Thomasville Sch. Dist.</u>, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>Id.</u> (citations and quotations omitted).

A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" <u>Botta v. Barnhart</u>, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting <u>Catskill Dev., L.L.C. v. Park Place Entm't Corp.</u>, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)); <u>see also</u> <u>Lanard Toys Ltd. v. Toys "R" Us-Delaware, Inc.</u>, No. 3:15-CV-849-J-

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

34PDB, 2017 WL 2992059, at *1 (M.D. Fla. July 14, 2017) (Howard, J.)

(citation omitted); Pigott v. Sanibel Dev., LLC, No. 07-0083-WS-C, 2008

WL 2937804, at *5 (S.D. Ala. July 23, 2008) (citation omitted).

As to the applicable law, the Magistrate Judge correctly

acknowledged the exception to Rule 10's requirement that parties proceed

in their own name. Specifically, "[a] party may proceed anonymously in a

civil suit in federal court by showing that he has a substantial privacy

right which outweighs the customary and constitutionally-embedded

presumption of openness in judicial proceedings." Plaintiff B v. Francis,

631 F.3d 1310, 1315–16 (11th Cir. 2011) (internal quotations omitted). In

reviewing a party's claim to anonymity, the Court should consider "all the

circumstances" of the case. Id.

In this case, Plaintiff claims she has substantial privacy right that

should cause the practice of public disclosure to yield because the

information at issue is of the "utmost intimacy." While issues involving

minors, religious practices, and abortion have qualified parties to proceed

anonymously, "courts have often denied the protection of anonymity in

cases where plaintiffs allege sexual assault, even when revealing the

plaintiff's identity may cause her to suffer some personal embarrassment."

Id. at 1316. (collecting cases denying anonymity to plaintiffs claiming

sexual assault).

Plaintiff claims she should still be afforded the right to have her

identity shielded because she wishes to avoid social stigma and because the

allegations involve intimate and private details of her personal life. If she

is identified in this suit, Plaintiff claims she will suffer emotional harm

and retaliation. Further, Plaintiff contends disclosure will violate Florida's

efforts to protect the identity of victims suffering sexual assault.

Preliminarily, the Court agrees with Plaintiff that Florida intends

for victims of sexual assault to be shielded. However, that shield is

extended only to litigants proceeding in Florida state court as it is the

Federal Rules of Civil Procedure and case law interpreting those rules that

govern whether Plaintiff can proceed anonymously. See Carbone v. Cable

News Network, Inc., 910 F.3d 1345, 1349 (11th Cir. 2018). The Magistrate

Judge did not error by relying on federal case law and Rule 10 in

examining whether Plaintiff's identity should remain protected.

Next, Plaintiff relies on two cases that she believes moves her case

from the mainstream of cases where even sexual assault victims must

proceed in their own names. In Doe v. Neverson, 820 F. App'x 984, 987

(11th Cir. 2020), the Eleventh Circuit reversed the district court's denial of

Plaintiff's request to proceed anonymously where Plaintiff was claiming that she was the victim of sexual assault and proceeded against the alleged assailant. The court explained that Neverson was different than general sexual assault cases involving personal embarrassment because the plaintiff hailed from a devout Muslim family and that her allegations would endanger her and her family. Id. at 988. The Court placed great weight on the fact that the plaintiff supported her claims with sworn declarations. Id. Further, the plaintiff provided evidence of the harm she would face from the defendant's supporters that were threatening the plaintiff for suing the defendant. Id.

The second case Plaintiff cites is Doe v. Predator Catchers, Inc., 343 F.R.D. 633 (M.D. Fla. 2023). The plaintiff in Predator Catchers alleged that he was wrongfully set-up by the defendant to look as is he was sexually pursuing a minor. Id. at 636. His privacy interest was the same interest he sought to vindicate in his lawsuit—namely that he was not interested in minors—and the harm he sought to avoid was the social stigma associated with some one who possesses a sexual interest in minors. Id. at 637. The plaintiff submitted particularized evidence of threats, including specific individuals describing how they would smash the plaintiff's face-in, and shoot the plaintiff. Id. at 637-38.

The case at bar is distinguishable from <u>Neverson</u> and far afield from <u>Predator Catchers</u>. Unlike the plaintiff in <u>Neverson</u>, Plaintiff here does not allege she is facing specific threats of violence or the stigma associated with being the victim of sexual assault is heightened because of her or her family's religious community, much less support such claims with sworn attestations. In fact, part of the damages Plaintiff seeks in this case is from the communal embarrassment she faced because she was already publicly identified as wrongfully claiming to be victim of a sexual assault.

Further, the stigma associated with possessing a prurient interest in children is much different from that associated with being the victim of a sexual assault—to say nothing of the situational difference (i.e. potential perpetrator versus potential victim). And, like the plaintiff in <u>Neverson</u> and unlike Plaintiff here, the plaintiff in <u>Predator Catchers</u> provided evidence to the Court of the threats he faced. In both <u>Neverson</u> and <u>Predator Catchers</u>, sexual assault or the "set-up" was the subject of the lawsuits, and the defendants were the purported perpetrators. In this suit, the alleged assailant is not named, and the Court will not be deciding whether a sexual assault occurred.

Beyond the case law cited by the parties and Magistrate Judge, the Court is reminded of case law surrounding defamation claims. The plaintiff

and Defendant Casey Woolsey both voluntarily entered the public arena by running for the same public office. Plaintiff was in a unique situation to advance her claims and defend her reputation publicly. Of course, Plaintiff was also able to be targeted more easily by entering a race for public office—but this position was voluntary. It would be unfair to allow one public figure to be accused publicly in this forum while allowing the accuser—another public figure—to remain anonymous, especially because there will likely be political ramifications Additionally and importantly, any anonymity in this case is illusory at best. Plaintiff is readily identifiable through a simple search using the facts Plaintiff provides. In short, this is not the "exceptional case" where a plaintiff should be allowed to proceed anonymously. Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992).

Accordingly, after due consideration, it is

**ORDERED:**

Plaintiff's Objection (Doc. 92) is **OVERRULED**.

**DONE** and **ORDERED** in Jacksonville, Florida this __*18th*__ day of July, 2025.

_____
BRIAN J. DAVIS
United States District Judge

- 9 -

2
Copies furnished to:

Counsel of Record
Unrepresented Parties
/p