# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ALYSSA C. SHORSTEIN,

    Plaintiff,

v.

    Case No. 3:24-cv-489-BJD-MCR

ROBERT A. HARDWICK, in his official capacity as Sheriff of St. Johns County Florida, MATTHEW CLINE, in his individual capacity, JOSHUA WOOLSEY, WOOLSEY LAW PLLC, with a fictitious name of Woolsey Morcom PLLC, CASEY WOOLSEY, WILLIAM LEE OWEN, III, STOP DOMESTIC VIOLENCE FLORIDA, a Political Committee, WILLIAM MASSON, JOHN DOE 1, and JANE DOE 1,

    Defendants.

_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant, Joshua Woolsey's Motion to Disqualify the Honorable Brian J. Davis (Doc. 141); Plaintiff's Response in Opposition (Doc. 152); and Plaintiff's Consented Motion to Dismiss the Woolsey Defendants from This Case (Doc. 154).

While Defendant Joshua Woolsey's Motion may be considered moot in light of his dismissal from this case, the Court will still discuss the substance of his request for the benefit of the remaining litigants and interested public. Defendant Joshua Woolsey requested the undersigned's recusal pursuant to 28 U.S.C. § 455(a).

"The inquiry of whether a judge's impartiality might reasonably be questioned under § 455(a) is an objective standard designed to promote the public's confidence in the impartiality and integrity of the judicial process." Davis v. Jones, 506 F.3d 1325, 1332 n.12 (11th Cir. 2007) (internal quotations omitted). The operative question "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality[.]" United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003). Any doubt "must be resolved in favor of recusal." Id. "Recusal decisions under § 455(a) are extremely fact driven and must be judged on their unique facts and circumstances more than by comparison to situations considered in prior jurisprudence." In re Moody, 755 F.3d 891, 895 (11th Cir. 2014). A decision to not recuse oneself, is reviewed for an abuse of discretion. Ellis v. United States, No. 23-10338, 2024 WL 2933067, at *1 (11th Cir. June 11, 2024).

Here, Defendant Joshua Woolsey cites to Plaintiff's marriage to Bryan Shorstein as the basis for recusal. Bryan is Harry Shorstein's son. Harry is Judge Davis's former boss with whom Judge Davis worked closely for approximately 3 or 4 years. The undersigned and Harry developed a personal relationship owing to the proximity of the pairs' professional relationship as Chief Assistant State Attorney and State Attorney for the Fourth Judicial Circuit for Florida. However, that professional relationship ended nearly 30 years ago and the undersigned's personal relationship to Harry is not consistent nor frequent.

The undersigned does not know Bryan's wife nor is he close to Bryan. The undersigned knows nothing of this case outside of what has been presented since its filing. The lack of knowledge of this case exists in part because of the professional and personal distance between the undersigned and the Shorstein family. Indeed, any perceived bias would have to be founded on a 30-year-old professional relationship with some personal ties to Harry that then inured to the benefit of Harry's son, then permeated to Plaintiff for an incident that began while she was engaged to Bryan.

Given the passage of time and non-regular contact with Harry, much less Bryan and Plaintiff, the justification for recusal is just too tenuous. Moreover, the Court is mindful that the case is well underway with several

rulings having occurred, some of which that have favored Plaintiff and some of which that have favored Defendants. Simply put, no reasonable and disinterested person following this case would harbor significant doubt about the undersigned's impartiality toward the litigants in this case. Not only is there not a bias, but the Court does not want to set a precedent of recusal occurring this far into a case without sufficient justification less litigants are encouraged to attempt to remove a judge that is perceived to be unfriendly toward their cause for reasons other than bias. See In re BellSouth Corp., 334 F.3d 941, 958 (11th Cir. 2003) (holding that "attempts to manipulate the random case assignment process are subject to universal condemnation") (internal quotations omitted).

Accordingly, after due consideration, it is

**ORDERED:**

1. Defendant, Joshua Woolsey's Motion to Disqualify the Honorable Brian J. Davis (Doc. 141) is **DENIED**.

2. Plaintiff's Consented Motion to Dismiss the Woolsey Defendants from This Case (Doc. 154) is **GRANTED**. Defendants Joshua Woolsey, Casey Woolsey, and Woolsey Law PLLC are **DISMISSED from this case with prejudice**.

3. Docket Entries 113, 151, and 153 are **DENIED as moot**.

- 5 -

**DONE** and **ORDERED** in Jacksonville, Florida this __9th__ day of September, 2025.

_____
BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

Counsel of Record
Unrepresented Parties